**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL
ON SIGNATURE LINE]

*Attorneys for Plaintiff,*
Elaine Oxina

*Left margin (vertical):* KAZEROUNI LAW GROUP, APC / 245 FISCHER AVENUE, SUITE D1 / COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELAINE OXINA; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> LANDS' END, INC., <br><br> Defendant. | Case No.: <u>'14CV2577 MMA NLS</u> <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> 1) **FALSE ADVERTISEMENT IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125 ET SEQ.;** <br><br> 2) **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750, ET SEQ.);** <br><br> 3) **VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ. (CALIFORNIA UNFAIR COMPETITION LAW); AND** <br><br> 4) **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17533.7 (CALIFORNIA FALSE "MADE IN U.S.A." CLAIM).** <br><br> **JURY TRIAL DEMANDED** |

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### INTRODUCTION

1. ELAINE OXINA (hereinafter "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LANDS' END, INC. (hereinafter "Defendant") in unlawfully labeling Defendants' apparel products with the false designation and representation that the Defendant's apparel was "Made in the U.S.A." The unlawfully labeled apparel products are sold via Defendant's website, catalogue, and in various stores throughout the United States.[1] Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal4th 310, 328-29:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in U.S.A." label matters. A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and its industries and workers…"

---

[1] Plaintiff purchased the mislabeled Lands' End necktie, which in part is the subject matter of this lawsuit, from Defendant's website, at the following web address: http://www.landsend.com/products/kids-plaid-necktie/id_178450.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

3. The "Made in USA" claim is prominently printed on the Defendant's website under Defendant's description of the apparel products themselves[2]; and specifically, under the description of the offending "Kids To-be-tied Plaid Necktie" (hereinafter "Necktie") purchased by Plaintiff. (A true and correct copy of a screenshot of Defendant's website featuring the Necktie attached hereto as "Exhibit A"). The Necktie, however, is wholly made in China, as indicated by the fabric tag attached to the Necktie. (A true and correct copy of a photograph of the Necktie showing its tag attached hereto as "Exhibit B"), contrary to Defendant's representation and in violation of California law and/or Federal law.

4. On information and belief, the Necktie as a whole as well as major components of the necktie, including but not limited to fabric, thread, tags and/or labels are manufactured outside of the United States, contrary to the "Made in USA" claim prominently posted on Defendants' website, from where Plaintiff purchased the offending necktie.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter as this case arises out of violation of federal law, specifically the Lanham Act, 15 U.S.C. § 1125(a) and supplemental jurisdiction under 28 U.S.C. § 1367 for California state law claims.

6. This Court also has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00 as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

---

[2] Plaintiff seeks class wide relief on behalf of all purchasers of any Lands' End apparel product labeled as "Made in USA" that is foreign-made or incorporates foreign-made component parts (in violation of California and/or Federal law) and not just the specific necktie purchased by the Plaintiff.

7. This Court also has diversity jurisdiction over this matter under 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is incorporated under the laws of the State of Delaware.

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Chula Vista, County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)   does substantial business within this district;

    (c)   is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)   the harm to Plaintiff occurred within this district.

## PARTIES

9. Plaintiff is an individual residing in the City of Chula Vista, County of San Diego, State of California.

10. Defendant is a corporation that is organized and exists under the laws of the State of Delaware and doing business in the State of California as "Lands' End Direct Merchants, Inc."

11. Defendant is an American clothing retailer that conducts business through mail order and internet sales, at numerous retail stores in the United States, and distributed through a large number of Sears department stores. One of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the apparel products sold by Defendant is the Necktie purchased online by Plaintiff from Defendant's website.[3]

## FACTUAL ALLEGATIONS

12. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant manufactures, markets and/or sells Lands' End apparel products that have been represented on Defendant's website as "Made in USA."

14. Contrary to the representation, Defendant's apparel products are wholly and/or substantially manufactured or produced with component parts that are manufactured outside of the United States.

15. Based upon information and belief, the offending Necktie purchased by Plaintiff, and presumably all other offending Lands' End products, are wholly made and/or manufactured in China and/or include component parts such as fabric and thread which are not in fact made or manufactured in the U.S.A., as represented by Defendant.

16. Defendant markets, and continues to market, and represent to the general public via its website that certain Lands' End apparel products are "Made in USA." In addition, Defendant fraudulently concealed the material facts at issue in this matter by misrepresenting to the general public the true country of origin of the offending apparel products. Defendant possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

17. Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess limited knowledge of the likelihood that products, including the component products therein, claimed to be made in

---

[3] Plaintiff purchased the mislabeled Lands' End necktie, which in part is the subject matter of this lawsuit, from Defendant's website, at the following web address: http://www.landsend.com/products/kids-plaid-necktie/id_178450.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the United States are in fact made in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing superior goods while supporting American companies and American jobs.

18. Consumers generally believe that "Made in USA" products are of higher quality than their foreign-manufactured counterparts. Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendant's products at inflated prices.

19. On information and belief, Defendant charged excess monies for Lands' End apparel products in comparison to Defendant's competitors during the entirety of the relevant four-year statutory time period, based on the false "Made in USA" designation. California and Federal laws are designed to protect consumers from such false representations and predatory conduct. Defendant's scheme to defraud consumers for its own self-interest and monetary gain is ongoing and will victimize consumers daily for the foreseeable future unless altered by judicial intervention.

20. On or about August 29, 2014, Plaintiff purchased the Necktie online via Defendant's website. At the time of Plaintiff's purchase, the description of the offending apparel on Defendant's website was described using the "Made in U.S.A" country of origin designation, when the product actually was made and/or contained component parts made outside of the United States. Accordingly, Defendants are not entitled to lawfully make a "Made in USA" representation of such products.

21. In each case when Plaintiff and putative Class members purchased a Class Product, they relied upon Defendant's "Made in USA" representation in their purchasing decision, which is typical of most U.S. consumers, and they were deceived as a result of Defendants' actions. These purchasing decisions were supported by the "Made in USA" representation made by Defendants,

which is absent from most of Defendants' competitors. Plaintiff believed at the time she purchased the Necktie that she was purchasing a superior quality product, as well as supporting U.S. jobs and the U.S. economy.

22. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in USA" designation set forth on Defendant's website.

23. Component parts made in the U.S.A. are subject to strict regulatory requirements, including but not limited to environmental, labor, and safety standards. Foreign made component parts are not subject to the same U.S. manufacturing standards and are often inherently of lower quality than their U.S. made counterparts. Foreign made products and component parts are also routinely less reliable and less durable than their U.S. made counterparts. As such, the Necktie is of inferior quality due to Defendant's decision to import a product made in China with the false "Made in USA" designation" and/or by Defendant's use of foreign made component parts in the offending product.

24. As such, on information and belief, the offending apparel product, which is foreign made and/or composed of foreign-made component parts, is of inferior quality, less reliable, fail more often and results in lower overall customer satisfaction than if the product was truly "Made in USA" and/or consisting of component parts made in the United States.

25. On information and belief, the Necktie is not worth the purchase price paid by Plaintiff and putative Class members. The precise amount of damages will be proven at the time of trial, in large part, by expert testimony.

26. Plaintiff and Class members were undoubtedly injured as a result of Defendant's false "Made in USA" representations that are at issue in this matter.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## CLASS ACTION ALLEGATIONS

27. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Plaintiff brings this action individually and on behalf of all others similarly situated ("the Class"), against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

29. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who purchased one or more of Defendant's apparel products, that were advertised with a "Made in USA" country of origin designation, that were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint.

30. Plaintiff represents, and is a member of the Subclass of the Class ("the Subclass"), consisting of:

> All persons within California who purchased one or more of Defendant's apparel products, that were advertised with a "Made in USA" country of origin designation, that were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint.

31. Defendant and its employees and/or agents are excluded from the Class and the Subclass. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thousands, if not more, members of the Class within the United States; and there are hundreds of thousands of members of the Subclass located within the State of California. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

32. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for each of the aforementioned Classes because the members of each Class are so numerous and geographically disbursed that joinder of all Class members

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members, satisfying the requirement of Fed. R. Civ. P., Rule 23(a)(2), including but not limited to:

    a. Whether Defendant participated in r committed the wrongful conduct alleged herein;

    b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c. Whether the members of the Class and the Subclass sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

    d. Whether the members of the Class and the Subclass are entitled to injunctive and/or any other equitable relief.

34. Plaintiff's claims are typical of the claims of all other members of the Class and the Subclass and involve the same violations of law by Defendant as other Class members' claims.  Plaintiff and members of the Class and the Subclass also sustained damages arising out of Defendant's common course of conduct complained herein.  Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class and the Subclass.

35. As a person in who purchased one or more of Defendant's apparel products, that were advertised with a "Made in USA" country of origin designation,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

that were foreign-made and/or composed of foreign-made component parts, Plaintiff is asserting claims that are typical of the Class and the Subclass. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class and the Subclass in that Plaintiff has no interests antagonistic to any member of the Class.   Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. Plaintiff and the members of the Class and the Subclass have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a representative class action, members of the Class and the Subclass will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.   Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for Defendant.   Thus, the

proposed Class and the Subclass satisfy the requirements of Fed. R. Civ. P., Rule 23(b)(1).

38. Defendant has acted and/or refused to act on grounds generally applicable to the Plaintiff and other members of the Class and the Subclass, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole as well as the Subclass appropriate.  Thus, certification is proper under Fed. R. Civ. P. Rule 23(b)(2).

39. As discussed above, numerous common questions of fact and law exist in this matter.  These questions predominate over the individual questions presented in this action.  Thus, the predominance requirement of Fed. R. Civ. P. Rule 23(b)(3) is satisfied.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code.

41. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages suffered by individual members of the Class and the Subclass may be minimal. As a result, the expense and burden and litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice.  Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability.  Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**FIRST CAUSE OF ACTION**

**VIOLATION OF SECTION 43(A) OF THE LANHAM ACT**

**15 U.S.C. § 1125, ET SEQ.**

42. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), establishes a federal cause of action for, among other things, false advertising by:

> (a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any **false designation of origin**, false or misleading description of fact, or false or misleading representation of fact, which…(B) in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or **geographic origin** of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act." [Emphasis added].

44. Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by making false and misleading statements and/or omissions of fact in commercial advertisements by marketing and representing that its apparel products are "Made in USA" when they actually foreign-made and/or contain component parts that are manufactured outside of the United States.

45. Defendant's false and/or misleading representations actually deceived and/or had the capacity to deceive Plaintiff and the Class members whose decision to purchase Defendant's apparel products in reliance upon Defendant's representation that its apparel products are "Made in USA."

46. Defendant's false and/or misleading statements to the general public regarding the country of origin of the offending apparel products is material in that Defendant's representation that its apparel products are "Made in USA" when Defendants' apparel products are in fact foreign-made and/or contain component parts that are not made in the United States concerns the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

inherent quality and/or characteristic of Defendant's product and has the tendency to influence the purchasing decisions of Plaintiff, the Class members, and the consumers of the general public.

47. Defendant manufactured and/or distributed the offending apparel product/s in interstate commerce and in this judicial District advertised and/or promoted its apparel products by making false and/or misleading statements to the general public regarding the country of origin of the offending apparel products and concealing the offending product/s true country of origin.

48. Defendant's false and/or misleading description of the offending apparel product/s is a material factor in the purchasing decisions of Plaintiff and the Class members as they were induced to purchased Defendant's products under the belief they were purchasing superior quality goods with the designation "Made in USA."

49. Defendant's false and/or misleading statements and representations in marketing Defendant's apparel products injure Plaintiff, the Class members and consumers of the general public.

50. As a direct and proximate result of Defendant's conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and the Class members, who unwittingly provided money to Defendant in reliance on Defendant's fraudulent "Made in USA" representations when Defendant's products are in fact foreign-made and/or composed of component parts manufactured outside of the United States.

51. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false and/or misleading "Made in USA" representations set forth on the Defendant's website in the marketing and description of Defendant's offending apparel products.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

52. Pursuant to 15 U.S.C. § 1117, Plaintiff and the Class are entitled to recover from Defendant the damages sustained by Plaintiff as a direct and proximate result of Defendant's acts in violation of 15 U.S.C. § 1125(a).

53. On information and belief, Defendant's violations of 15 U.S.C. § 1125(a), as set forth herein, were committed with awareness of the fact that the conduct alleged was wrongful and motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant's conduct was undertaken willfully and with the intention of deceiving consumers of the general public.

54. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which pursuant to 15 U.S.C. § 1117(a)(3) the Court may grant pursuant to a prevailing plaintiff in an exceptional case such as this matter.

55. Defendant has caused, and will to continue to cause, immediate and irreparable injury to Plaintiff and the Class, for which there is no adequate remedy at law. Thus, Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE SECTION 1750, ET SEQ.

56. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

58. Defendant's apparel products constitute "goods" as defined pursuant to Civil Code Section 1761(a).

59. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

60. Each of Plaintiff's and the Class members' purchases of Defendant's apparel products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

61. Civil Code Section 1770(a)(4) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: Using deceptive representations or designations of geographic origin in connection with goods or services [and] [a]dvertising goods or services with intent not to sell them as advertised."

62. Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and representing that its apparel products are "Made in USA" when they actually foreign-made and/or contain component parts that are manufactured outside of the United States.

63. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such this knowledge.

64. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in USA" representations

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

set forth on the Defendant's website in the marketing and description of Defendant's offending apparel products.

65. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

66. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17200, ET SEQ.

67. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Business & Professions Code § 17200 et seq. provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

69. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code § 17200 et seq.

70. Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 et seq. by manufacturing, distributing, and/or marketing Defendant's apparel products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made in USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured outside of the United States.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

71. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Defendant's apparel products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made in USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured outside of the United States.

72. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Defendant's apparel products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made in USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured outside of the United States.

73. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Defendant's apparel products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made in U.S.A.;" wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

74. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 et seq. by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 et seq, by manufacturing, distributing, and/or marketing Defendant's apparel products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made in USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured outside of the United States.

75. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

76. As a result of the repeated violations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

77. Defendant's unlawful, unfair, and fraudulent business practices present a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

78. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 et seq.  Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

79. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's fraudulent "Made in USA" representations when Defendant's products are in fact foreign-made and/or composed of component parts manufactured outside of the United States.

80. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made in USA" representations set forth on the Defendant's website in the marketing and description of Defendant's offending apparel products.

81. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17533.7

82. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

84. Defendant violated Bus. & Prof. Code § 17533.7 by selling and offering to sell merchandise in the State of California with the "Made in USA" country of origin designation as fully set forth herein. The merchandise at issue in this matter is wholly manufactured outside of the United States and/or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

contains component parts that are manufactured outside of the United States in violation of California and federal law.

85. On information and belief, Defendant's violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such this knowledge.

86. As a direct and proximate result of Defendant's violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the false "Made in USA" representations set forth on the Defendant's website in the marketing and description of Defendant's offending apparel products.

87. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a class action by certifying this case as a nationwide Class Action as to the Class and a California Class Action as to the Subclass;

- That the Court certify Plaintiff to serve as the Class representative in this matter;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- That Plaintiff and each of the other members of the Class and the Subclass recover the amounts by which Defendant has been unjustly enriched;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the class and the Subclass recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and
- That Plaintiff and the members of the Class and the Subclass be granted any other relief the Court may deem just and proper.

## TRIAL BY JURY

88. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled, and demands, a trial by jury.

Dated: October 29, 2014

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ ABBAS KAZEROUNIAN_____
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
ATTORNEYS FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Drive, #725
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228