Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 586-7700
Facsimile:  (310) 586-7800

Francis A. Citera (*Pro Hac Vice*)
citeraf@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

*Attorneys for Defendant*
*Lands' End, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE OXINA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LANDS' END, INC.,<br><br>Defendant. | CASE NO. 3:14-cv-02577-MMA-NLS<br><br>**DEFENDANT LANDS' END, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:          March 2, 2015<br>Time:          2:30 p.m.<br>Courtroom:     3A<br>District Judge:  Michael M. Anello<br><br>Complaint Filed:  November 19, 2014<br>Trial Date:       None Set<br><br>DEMAND FOR JURY TRIAL |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................... 1

II.   PLAINTIFF'S ALLEGATIONS ............................................................. 1

III.  ARGUMENT ........................................................................................... 2

    A.   Legal Standard ............................................................................... 2

    B.   Plaintiff Lacks Standing to Assert UCL, FAL, and CLRA Claims.................... 5

        1.   The Necktie ......................................................................... 6

        2.   Unseen Advertising and Unpurchased Products.................... 7

    C.   Plaintiff Lacks Standing to Assert Claims for Injunctive and
        Declaratory Relief ......................................................................... 8

    D.   Plaintiff Fails to State a CLRA Claim ........................................ 10

    E.   Plaintiff Fails to State FAL and UCL Claims ............................ 11

        1.   Plaintiff Fails to State FAL and UCL "Unlawful" Claims ....... 11

        2.   Plaintiff Fails to State UCL "Unfair" Claims ............................. 12

        3.   Plaintiff's FAL and UCL Claims Fail for Additional Reasons ................. 13

    F.   Plaintiff Fails to State Claims Based Upon Unseen Advertising
        and/or Unpurchased Products....................................................... 14

    G.   Plaintiff Fails to State UCL, FAL, and CLRA Claims on Behalf of
        Non-California Consumers and the Court Lacks Jurisdiction Over
        Such Claims ................................................................................. 14

    H.   Plaintiff's Class Claims Necessarily Fail ................................... 16

IV.  CONCLUSION ..................................................................................... 16

# <u>Table of Authorities</u>

**Page(s)**

**Cases**

*Abdelfattah v. Carrington Mortg. Servs. LLC*,
No. C-12-04656, 2013 WL 5718463 (N.D. Cal. Oct. 21, 2013) ................................. 5

*Algarin v.* Maybelline, LLC,
300 F.R.D. 444 (S.D. Cal. 014) ................................................................................. 9

*Allen v. Similasan Corp.*,
No. 12cv0376, 2013 WL 2120825 (S.D. Cal. May 14, 2013) ................................... 15

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) ...................................................................................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 3, 13

*AT&T Mobility LLC v. Concepcion*,
131 S.Ct. 1740 (2011) ............................................................................................... 10

*Augustine v. Natrol Prods. Inc.*,
No. 3:13-CV-3129-H, 2014 WL 2506284 (S.D. Cal. May 15, 2014) ........................ 3

*Bates v. United Parcel Serv., Inc.*,
511 F.3d 974 (9th Cir. 2007) ................................................................................. 8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................... 2, 3, 14

*Bird v. First Alert, Inc.*,
No. C 14-3585, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) .................................. 9

*Campion v. Old Republic Home Protection Co., Inc.*,
861 F.Supp. 2d 1139 (S.D. Cal. 2012) ............................................................. 8, 9, 14

*Castagnola v. Hewlett-Packard Co.*,
No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. July 9, 2012) ........................ 15

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ............................................................. 9, 10, 16

*Ceuvas v. United Brands Co., Inc.*,
   No. 11CV-991, 2012 WL 760403 (S.D. Cal. Mar. 8, 2012) ....................................... 10

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ....................................................................................................... 8

*Clapper v. Amnesty Int'l USA*,
   ___U.S. ___, 133 S.Ct. 1138 (2013) ........................................................................ 15

*Clark v. LG Elec. U.S.A., Inc.*
   No. 13-cv-485 JM (JMA), 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ................... 5

*Conley v. Gibson*
   355 U.S. 41 (1957) ....................................................................................................... 2

*Cortez v. Purolator Air Filtration Prods. Co.*,
   23 Cal. 4th 163 (2000) ............................................................................................... 10

*Degelmann v. Advanced Med. Optics, Inc.*,
   659 F.3d 835 (9th Cir. 2011) ................................................................................... 5, 7

*Dorfman v. Nutramax Labs., Inc.*,
   No. 13cv0873, 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) ................................... 9

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 350 (2010) ................................................................................... 14

*Figy v. Amy's Kitchen, Inc.*,
   No. CV 13-03816, 2013 WL 6169503 (N.D. Cal. Nov. 25, 2013) ........................... 11

*French v. JP Morgan Chase Bank, N.A.*,
   No. 13-cv-969, 2013 WL 6528510 (S.D. Cal. Nov. 25, 2013) ........................... 12, 13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
   528 U.S. 167 (2000) .................................................................................................. 4, 8

*General Tel. Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................................... 4

*Gentges v. Trend Micro Inc.*,
   No. C 11-5574, 2012 WL 2792442, at *6 (N.D. Cal. July 9, 2012) .......................... 15

*Gerbery v. Wells Fargo Bank, N.A.*,
  No. 13 CV-614, 2013 WL 3946065 (S.D. Cal. July 31, 2013) ...................12

*Gest v. Bradbury*,
  443 F.3d 1177 (9th Cir. 2006) .........................................................8, 9

*Granfield v. NVIDIA Corp.*,
  No. C-11-05403, 2012 WL 2847575 (N.D. Cal. July 11, 2012) .....................8

*Harvey v. Bank of Am., N.A.*,
  906 F.Supp. 2d 982 (N.D. Cal. 2012) ...........................................12, 13

*Herron v. Best Buy Stores, L.P.*,
  No. 12-cv-02103, 2014 WL 5514176 (E.D. Cal. Oct. 31, 2014) ...............10

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) .......................................................5, 7

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ...........................................................3

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Tel.
  Litig.*,
  758 F.Supp. 2d 1077 (S.D. Cal. 2010) ..............................................11

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) .......................................................................7

*Ivie v. Kraft Foods Global, Inc.*,
  961 F.Supp. 2d 1033 (N.D. Cal. 2013) ..............................................8

*Kearney v. Foley & Lardner*,
  No. 05-CV-2122-L, 2011 WL 1119047 (S.D. Cal. Mar. 28, 2011) ...........6

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...........................................................3

*Kirkeby v. JP Morgan Chase Bank, N.A.*,
  No. 13cv377, 2014 WL 4364836 (S.D. Cal. Sept. 3, 2014) ....................13

*Koehler v. Litehouse, Inc.*,
  No. CV 12-04055, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012)..............15

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ........................................................................ 13

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ....................................................................... 5, 7

*Laresen v. Trader Joe's Co.*,
   No. C- 11-05188, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ................ 8

*Laster v. AT&T Mobility LLC*,
   584 F.3d 849 (9th Cir. 2009) ................................................................ 10

*Laster v. T-Mobile USA, Inc.*,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) .................................................. 10

*Laster v. T-Mobile USA, Inc.*,
   No. 05CV1167, 2009 WL 4842801 (S.D. Cal. Dec. 14, 2009) ............... 9, 10

*Lozano v. AT&T Wireless Serv., Inc.*,
   504 F.3d 718 (9th Cir. 2007) ........................................................... 12, 13

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................... 4

*Luman v. Joe Theismann*,
   No. 2:13-CV-00656, 2014 WL 443960 (E.D. Cal., Feb. 4, 2014) ................ 9

*Manriquez v. J. Huchins*,
   No. 1:09-cv-00456, 2010 WL 3502529 (E.D. Cal. Sept. 2, 2010) ............... 9

*Mason v. Nature's Innovation, Inc.*,
   No. 12cv3019, 2013 WL 1969957 (S.D. Cal., May 13, 2013) ................. 9, 10

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) .................................................................. 8

*McMahon v. Take-Two Interactive Software, Inc.*,
   No. EDCV 13-02032-VAP, 2014 WL 324008 (C.D. Cal. Jan. 29, 2014) ...... 13

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) ................................................................. 3

*Moore v. Wells Fargo Bank, N.A.*,
   No. 14cv1342, 2014 WL 4355585 (S.D. Cal. Sept. 3, 2013)...............................12, 13

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ....................................................................................6

*Norwest Mortg., Inc. v. Superior Court*,
   72 Cal. App. 4th 214 (1999) ...............................................................................15

*Papasan v. Allain*,
   478 U.S. 265 (1986)...............................................................................................3

*R&R Sails, Inc. v. Premier Incentive Group, LLC*,
   No. 11-CV-2866, 2012 WL 3648417 (S.D. Cal. Aug. 23, 2012)............................6

*Sanders v. Apple Inc.*,
   672 F. Supp.2d 978 (N.D. Cal. 2009) ....................................................................5

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ...........................................................................4, 14

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) .................................................................................4

*Silcox v. State Farm Mut. Auto. Ins. Co.*,
   No. 14cv2345, 2014 WL 7335741 (S.D. Cal. Dec. 22, 2014) ................................3

*Smith v. Allstate Ins. Co.*,
   160 F. Supp. 2d 1150 (S.D. Cal. 2001) ..................................................................4

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .................................................................................3

*Spurlock v. Carrington Mortg. Servs., Inc.*,
   No. 09CV2273, 2010 WL 3069733 (S.D. Cal. Aug. 4, 2010) ..............................13

*Stearns v. Select Comfort Retail Corp.*,
   No. C 06-06352, 2009 WL 4723366 (N.D. Cal. Dec. 04, 2009)............................5

*Stocco v. Gemological Instit. of Am., Inc.*,
   No. 12-CV-1291, 2013 WL 76220 (S.D. Cal. Jan. 3 2013) .................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sullivan v. Oracle*,
  51 Cal. 4th 1191 (2011) ......................................................................14

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..............................................................4

*Thompson v. McCombe*,
  99 F.3d 352 (9th Cir. 1996) .................................................................4

*Trazo v. Nestlé USA, Inc.*,
  No. 5:12-CV-2272, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)...............5

*Tschudy v. J.C. Penney Corp., Inc.*,
  No. 11-cv-1011, 2014 WL 7205605 (S.D. Cal. Dec. 17, 2014)..................9

*Valencia v. Wells Fargo Home Mortg. Inc.*,
  No. C 14-3354, 2014 WL 5812578 (N.D. Cal. Nov. 7, 2014) ...................12

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .............................................................4

*Von Grabe v. Sprint, PCS*,
  312 F.Supp. 2d 1285 (S.D. Cal. 2003) ................................................10

*Webb v. Smart Document Solutions, LLC*,
  499 F.3d 1078 (9th Cir. 2007) ............................................................12

*Williamson v. McAfee, Inc.*,
  No. 5:14-CV-00158, 2014 WL 4220824 (N.D. Cal. Aug. 22, 2014).........13

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F.Supp. 2d 1134 (N.D. Cal. 2013) ................................................15

*Yourish v. Calif. Amplifier*,
  191 F.3d 983 (9th Cir. 1999) ...............................................................4

*Zora Analytics, LLC v. Sakhamuri*,
  No. 3:13-CV-639, 2013 WL 4806510 (S.D. Cal. Sept. 9, 2013) ..............15

**Statutes**

Cal. Bus. & Prof. Code § 17203 ...........................................................13

Cal. Bus. & Prof. Code § 17533.7 ..........................................................2

Cal. Civil Code § 1780(a) ................................................................... 5

Cal. Civil Code § 1780(d) ........................................................... 10, 11

Cal. Civil Code § 1782(a) ................................................................ 10

**Other Authorities**

FRCP 8(a) .............................................................................. 2, 14

FRCP 9(b) ................................................................................... 3

FRCP 12(b)(1) ............................................................................. 4

FRCP 12(b)(6) ............................................................................. 3

FRCP 12(f) ................................................................................. 4

FRCP 23 ..................................................................................... 4

Article III of the U.S. Constitution ............................... 4, 8, 9, 15

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Lands' End, Inc., pursuant to Federal Rules of Civil Procedure ("FRCP") 8, 9(b), 12(b)(1), 12(b)(6), and 12(f) respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss and/or Strike Plaintiff's First Amended Class Action Complaint in its entirety.

## I. INTRODUCTION

The FAC purports to allege claims under California's UCL, FAL, CLRA on behalf of consumers nationwide.[1] Because Plaintiff's and the putative plaintiffs' claims are based upon nothing but generalized conclusory allegations and insufficient factual snippets, they should be dismissed and/or Plaintiff's allegations stricken. Put simply, the FAC is a poorly disguised attempt to jump start a fishing expedition of broad based discovery in the hope of discovering such claims. Neither this Court nor Lands' End should be so substantially burdened until and unless Plaintiff alleges facts that establish her standing to assert these claims and the prerequisites to allege them.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges she is a resident of San Diego County (FAC ¶ 8) and that Lands' End is a Delaware corporation doing business in California and an "American clothing retailer that conducts business through mail order and internet sales, at numerous retail stores in the United States, and distributed through a large number of Sears department stores." (*Id.* ¶¶ 9-10.) Plaintiff does not claim to have purchased anything from a Lands' End retail store or a Sears department store, but she alleges that she purchased a necktie from Lands' End's website that was described as a "Made in USA" "Kids To-be-tied Plaid Necktie" (the "Necktie"). (*Id.* ¶¶ 3, 4, 19 and Ex. A.) Plaintiff alleges that contrary to the website's "Made in USA" representation, the label attached to the Necktie states that its fabric was made in China. (*Id.* ¶ 3, Ex. B.) Plaintiff does not allege that she attempted to return the Necktie or that she complained to Lands' End about the

---

[1] Terms defined in Lands' End's Notice of Motion and Motion to Dismiss are given their same meanings herein.

description on its website.

Plaintiff alleges generally that each time she and the putative plaintiffs bought any Lands' End apparel falsely represented as "Made in USA", they relied upon that representation in their purchasing decision and those decisions were "supported by" the "Made in USA" representation. (*Id.* ¶ 20.) According to Plaintiff, she suffered an "injury in fact" because Lands' End took her money as a result of the false "Made in USA" representation on its website (*id.* ¶¶ 21, 49, 65) and, on information and belief, the Necktie is not worth the price she paid for it. (*Id.* ¶ 24.)

Based upon these allegations, Plaintiff purports to allege a CLRA violation. (*Id.* ¶¶ 41-51.) Adding a further allegation that Lands' End was unjustly enriched as a result of its false "Made in USA" representation (*id.* ¶ 64), Plaintiff purports to allege UCL violations (*id.* ¶¶ 52-66), and a violation of FAL Section 17533.7, which prohibits the sale of merchandise "on which merchandise or on its container there appears" a false "Made in USA" representation. (*Id.* ¶¶ 67-72.) Plaintiff also seeks to assert these same claims on behalf of a putative nationwide class of all purchasers of any Lands' End apparel product labeled as 'Made in USA' that is foreign-made or incorporates foreign-made components parts … and not just the specific necktie purchased by the Plaintiff." (*Id.* ¶¶ 1, 3 n. 2, 27-29).

Plaintiff seeks a declaration that Lands' End violated the consumer protection statutes on which her claims rely, an injunction prohibiting its alleged conduct in the future, and "recover[y of] the amounts by which Defendant has been unjustly enriched." (*Id.* Prayer for Relief.) As shown below, all of Plaintiff's claims fail as a matter of law.

## III. <u>ARGUMENT</u>

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires that Plaintiff plead her claims with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that falls short

of this standard may be dismissed if it fails to state a claim upon which relief can be granted. FRCP 12(b)(6) ("Rule 12(b)(6)"). Under Rule 12(b)(6), dismissal is appropriate if a complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To satisfy Rule 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – 'that the pleader is entitled to relief.'" *Id.* at 679 (citation omitted). Although the court must construe the alleged facts in the light most favorable to the plaintiff (*id.*), "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (*quoting Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Fraud-based claims are subject to heightened pleading requirements under FRCP 9(b) ("Rule 9(b)"). UCL, FAL, and CLRA claims grounded upon common allegations of false representation are fraud-based claims to which Rule 9(b) applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-27 (9th Cir. 2009); *Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14cv2345 AJB (MDD), 2014 WL 7335741 (S.D. Cal. Dec. 22, 2014); *Augustine v. Natrol Prods. Inc.*, No. 3:13-CV-3129-H (DHB), 2014 WL 2506284, at *3 (S.D. Cal. May 15, 2014). Under Rule 9(b), a plaintiff alleging fraud must plead with particularity so that defendants "can defend against the charge and not just deny that they have done

anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations'" (*Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted); *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)) and "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.,* 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001); *accord Yourish v. Calif. Amplifier*, 191 F.3d 983, 992-93 (9th Cir. 1999).

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. FRCP 12(b)(1). Under this Rule, the court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. To satisfy Article III standing, a plaintiff must allege: (1) an injury-in-fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Finally, under Rule 12(f), upon motion, the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). As the Supreme Court explained in *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982), "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Inasmuch as FRCP 23 requires that the court determine at an early practicable time

whether to certify an action as a class action, "a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained." *Clark v. LG Elec. U.S.A., Inc.* No. 13-cv-485 JM (JMA), 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013); *Abdelfattah v. Carrington Mortg. Servs. LLC*, No. C-12-04656-RMW, 2013 WL 5718463, at *2-3 (N.D. Cal. Oct. 21, 2013); *Trazo v. Nestlé USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 WL 4083218, at *3 (N.D. Cal. Aug. 9, 2013) ("A motion to strike class allegations is thus ripe when as a matter of law, 'the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim.'" (*quoting Sanders v. Apple Inc.*, 672 F. Supp.2d 978, 990-91 (N.D. Cal. 2009)); *Stearns v. Select Comfort Retail Corp.*, No. C 06-06352 WHA, 2009 WL 4723366, at *14 (N.D. Cal. Dec. 04, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.").

**B.      Plaintiff Lacks Standing to Assert UCL, FAL, and CLRA Claims**

To establish standing under the UCL and FAL, Plaintiff must allege facts showing that she "lost money or property", *i.e.*, some form of economic injury, as a result of her transaction with Lands' End. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013); *see also Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir. 2011); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011). In order to satisfy this economic loss/causation requirement Plaintiff must sufficiently allege that she (1) "would not have bought the [Necktie] but for [Lands' End's alleged] misrepresentation", or (2) "paid more for the [Necktie] than she might otherwise have been willing to pay if it had been accurately described." *Hinojos*, 718 F.3d at 1104, 1107, 1109; *Degelmann*, 659 F.3d at 839-40; *Kwikset* 51 Cal. 4th at 329-30. Similarly, the CLRA only provides relief to a "consumer who suffers *any damage* as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." Cal. Civil Code § 1780(a); *Hinojos*, 718 F.3d at 1107-08. Because Plaintiff's only alleged "damage" is economic loss, her standing to assert a CLRA claim is likewise tied to the

sufficiency of her allegations of economic injury and causation.

### 1.    The Necktie

Plaintiff's only economic loss and causation allegations are the FAC's general allegations that Plaintiff and other putative plaintiffs relied upon the alleged "Made in USA" representation when they purchased Lands' End apparel, their decisions to purchase were "supported by" that representation, Plaintiff was injured because Lands' End took her money as a result of the representation, and – on  information and belief – the Necktie is not worth the price she paid for it. (FAC ¶¶ 20-21, 24.) These allegations do not sufficiently allege Plaintiff's standing to assert UCL, FAL, and CLRA claims.

Initially, Plaintiff fails to sufficiently allege that, "but for" the "Made in USA" representation, she would not otherwise have purchased the Necktie. The FAC does not include either an express "but for" allegation or allege facts from which the Court reasonably can infer "but for" causation. The allegation that Plaintiff's decision to purchase the Necktie was "supported by" the "Made in USA" representation is, at most, an allegation of motive or reason, not causation. Plaintiff's purchase decision could have been "supported by" numerous considerations and absent an allegation that the alleged misrepresentation was the decisive "support" for her decision to buy, Plaintiff has not alleged that she would not otherwise have purchased the Necktie. For the same reason, the conclusory allegation that Plaintiff's purchasing decision "relied" upon the alleged misrepresentation is not the necessary factual "but for" allegation.

Plaintiff also fails to allege that she paid more for the Necktie than she might otherwise have been willing to pay if it had been accurately described. At the outset, Plaintiff's "information and belief" allegation that the Necktie was not worth what she paid for it (FAC ¶ 24) does not even sufficiently allege that the Necktie was not worth its purchase price. "[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *R&R Sails, Inc. v. Premier Incentive Group, LLC*, No. 11-CV-2866 JLS (WMc), 2012 WL 3648417, at *5 (S.D. Cal. Aug. 23, 2012) (same); *Kearney v. Foley & Lardner*, No.

05-CV-2122-L(LSP), 2011 WL 1119047, at *6 (S.D. Cal. Mar. 28, 2011) (same). Plaintiff fails to allege any factual basis for her "belief" that the Necktie was not worth its purchase price. At most, she alleges in conclusory fashion that "[f]oreign made products component parts … are often inherently of lower quality than their U.S. made counterparts" and that "[f]oreign made products and component parts are also routinely less reliable and less durable than their U.S. made counterparts." (FAC ¶ 22.) These "often" and "routinely" allegations merely state generalities, not facts, and Plaintiff does not even allege that the Necktie falls within such "often" or "routine[]" instances. Furthermore, even assuming *arguendo* that the FAC sufficiently alleges that Plaintiff paid more than the Necktie is worth, that benefit-of-the-bargain allegation still falls short of alleging that Plaintiff would not willingly have paid the purchase price even if the Necktie had been represented as foreign-made. Plaintiff has the burden to allege "actual" reliance and to do so she must allege that,

> defendant's misrepresentation or nondisclosure 'was an immediate cause' of the plaintiff's injury-producing conduct. *** A plaintiff may establish that the defendant's misrepresentation is an 'immediate cause' of the plaintiff's conduct by showing that in its absence the plaintiff, in all reasonable probability, would not have engaged in the injury-producing conduct.

*In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (internal citations omitted). A stand-alone allegation that the Necktie is not worth its purchase price is not an allegation that Lands' End's alleged misrepresentation was the "immediate cause" of Plaintiff's injury-producing conduct. *Kwikset*, 51 Cal. 4th at 331-34 ("An allegation that Kwikset's products are of inferior quality, for example, even if it might demonstrate lost money or property, would not demonstrate lost money or property 'as a result of' unfair competition or false advertising about the product's origins."); *accord Hinojos*, 718 F.3d at 1104, 1107, 1109; *Degelmann*, 659 F.3d at 839-40.

## 2.   Unseen Advertising and Unpurchased Products

Plaintiff also alleges UCL, FAL, and CLRA claims on behalf of putative plaintiffs based upon "Made in USA" labels/advertising that Plaintiff does not allege she saw and relied upon ("Unseen Advertising") and unidentified apparel products she does not allege

she purchased ("Unpurchased Products"). Apart from conclusory allegations that Lands' End unlawfully labels/advertises Unpurchased Products "sold via Defendant's website, catalogue, and in various stores throughout the United States" with false "Made in USA" Unseen Advertising (FAC ¶¶ 1, 3, 15, 47, 55-59, 66 71), Plaintiff pleads no facts regarding this Unseen Advertising and these Unpurchased Products.

Plaintiff's Unseen Advertising/Unpurchased Products claims also fail because Plaintiff does not allege the injury in fact necessary to establish Article III standing or standing under the UCL, FAL, and CLRA. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 596 (9th Cir. 2012) (under California law, only persons who viewed the allegedly misleading advertising could have relied upon it); *Ivie v. Kraft Foods Global, Inc.*, 961 F.Supp. 2d 1033, 1046 (N.D. Cal. 2013) ('there can be no requisite *pecuniary* injury where plaintiff did not herself purchase the product at issue"); *Laresen v. Trader Joe's Co.*, No. C- 11-05188- SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012) (as a matter of law, plaintiffs could not have suffered a particularized injury for products they did not purchase); *Granfield v. NVIDIA Corp.*, No. C-11-05403-JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("when a plaintiff asserts claims [for defective product or false advertising] … claims relating to products not purchased must be dismissed for lack of standing"); *see also* Section III(B)(1), *infra*.

## C.   Plaintiff Lacks Standing to Obtain Injunctive and Declaratory Relief

Article III standing requires both an injury that is "'likely, as opposed to merely speculative'" and "'that the injury will be redressed by a favorable decision.'" *Campion v. Old Republic Home Protection Co., Inc.*, 861 F.Supp. 2d 1139, 1147 (S.D. Cal. 2012) (*quoting Friends of the Earth,* 528 U.S. at 180-81). Therefore, to establish standing for injunctive or declaratory relief, Plaintiff must allege that she "is threatened with a 'concrete and particularized' legal harm … coupled with 'a sufficient likelihood that [she] will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (*quoting Armstrong v.*

*Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001) (plaintiff must be "realistically threatened by a *repetition* of the violation").[2]

The FAC alleges that Plaintiff knows the Necktie was not "Made in USA" and (on information and belief) that it is an inferior product. (FAC ¶¶ 19-20, 22-24.) Plaintiff does not allege that she is likely to purchase the Necktie again or that she continues to be misled by the alleged misrepresentation about the Necktie's country of origin. Accordingly, Plaintiff lacks Article III standing to seek injunctive relief and declaratory relief because she fails to allege a reasonable likelihood of future injury from the description of the Necktie as "Made in USA." *Bates*, 511 F.3d at 985; *Gest*, 443 F.3d at 1181; *Luman v. Joe Theismann*, No. 2:13-CV-00656-KJM-AC, 2014 WL 443960, at *7 (E.D. Cal., Feb. 4, 2014) ("Plaintiffs, by their own admissions in the First Amended Complaint that they became aware of defendants' deceptive advertising, …, ceased being injured by defendants' conduct before filing their First Amended Complaint"); *Dorfman*, 2013 WL 5353043, at *8; *Mason*, 2013 WL 1969957, at *4.

Plaintiff also lacks standing to assert claims for injunctive or declaratory relief because her alleged economic injury is not likely to be redressed by a favorable injunctive or declaratory relief decision. *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate a probability of future injury"); *Manriquez v. J. Huchins*, No. 1:09-cv-00456-OWW-SKO PC, 2010 WL 3502529, at *1 (E.D. Cal. Sept. 2, 2010) (declaratory relief inappropriate because it would not accord the parties relief; in addition, if the case proceeded to trial and returned a verdict in plaintiff's favor, a declaration that defendants had violated plaintiff's rights would be unnecessary); *accord Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (court found it

---

[2] *Accord Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014 WL 7248734, at *4-5 (N.D. Cal. Dec. 19, 2014); *Tschudy v. J.C. Penney Corp., Inc.*, No. 11-cv-1011 JM (KSC), 2014 WL 7205605, at *5-6 (S.D. Cal. Dec. 17, 2014); *Dorfman v. Nutramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 WL 5353043, at *8 (S.D. Cal. Sept. 23, 2013); *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM(DHB), 2013 WL 1969957, at *2 (S.D. Cal. May 13, 2013); *Campion*, 861 F.Supp. 2d at 1147-50; *Laster v. T-Mobile USA, Inc.*, No. 05CV1167, 2009 WL 4842801, at *3-4 (S.D. Cal. Dec. 14, 2009).

unclear how prospective injunctive relief would redress the injury plaintiff allegedly suffered as the result of buying a falsely advertised product).

**D.    Plaintiff Fails to State a CLRA Claim**

At the outset, Plaintiff fails to state a CLRA claim because, as set forth in Sections III(B)(1) and (2), *supra*, she fails to allege the requisite damage coupled with actual reliance and the prerequisites for injunctive and declaratory relief. In addition, Plaintiff fails to satisfy that statute's notice and affidavit requirements. Cal. Civil Code §§ 1780(d)), 1782(a). First, Section 1782(a) requires that a consumer give notice at least thirty days before commencing an action for damages. Cal. Civil Code § 1782(a). Under the CLRA, a claim for disgorgement or restitution is a claim for damages. *Ceuvas v. United Brands Co., Inc.*, No. 11CV-991 BTM (RBB), 2012 WL 760403, at *4 (S.D. Cal. Mar. 8, 2012); *Laster*, No. 05cv1167 DMS (AJB), 2008 WL 5216255, at * 17 (S.D. Cal. Aug. 11, 2008) *aff'd sub nom. Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009) *rev'd on other grounds*, *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011); *accord Herron v. Best Buy Stores, L.P.*, No. 12-cv-02103-GEB-JFM, 2014 WL 5514176, at * 3 (E.D. Cal. Oct. 31, 2014) (the difference between a claim for damages and a claim for restitution or disgorgement is illusory when plaintiff seeks a specific amount allegedly owed her, *i.e.* a sufficient amount of money to compensate her for her loss, or a sum of money to pay for some benefit the defendant received from her); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 174 (2000) ("'[d]amages,' as that term is used to describe monetary awards, may include a restitutionary element"). Compliance with the CLRA's notice requirement is necessary to state a claim (*Cattie*, 504 F.Supp. 2d at 949; *Laster v. T-Mobile USA, Inc*, 407 F.Supp. 2d 1181, 1195-96 (S.D. Cal. 2005); *Von Grabe v. Sprint, PCS*, 312 F.Supp. 2d 1285, 1304 (S.D. Cal. 2003)) and failure to give the requisite notice necessitates dismissal with prejudice even if plaintiff later gives notice and amends. *Cattie*, 540 F.Supp. 2d at 950; *Laster*, 407 F.Supp. 2d at 1195-96; *Von Grabe*, 312 F.Supp. 2d at 1304.

The FAC's "Prayer for Relief" requests generally that the Court grant, *inter alia*,

injunctive and declaratory relief and "recover[y of] the amounts by which Defendant has been unjustly enriched." (FAC at 18; *accord id.* ¶ 24 ("[t]he precise amount of damages will be proven at the time of trial ), ¶ 32(c) (a common question is whether Plaintiff and putative class members "sustained and/or continue to sustain damages"), ¶ 33 ("Plaintiff and members of the Class and the Subclass also sustained damages arising out of Defendant's common course of conduct complained herein"), ¶ 35 ("[t]his suit seeks only damages and injunctive relief for recovery of economic injury").) Accordingly, to the extent Plaintiff purports to allege a claim for "recover[y of] the amounts by which Defendant has been unjustly enriched", that claim must be dismissed with prejudice because Plaintiff does not and cannot allege that she provided Lands' End with the requisite notice thirty-days before filing either her original Complaint or the FAC.

Second, Section 1780(d) requires that,

> [i]n any action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon the motion of any party, dismiss the action without prejudice.

Cal. Civ. Code § 1780(d). Federal courts have concluded that a plaintiff must comply with Section 1780(d) to state a claim. *Mason*, 2013 WL 1969957, at *5 n. 2; *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Tel. Litig.,* 758 F.Supp. 2d 1077, 1094 (S.D. Cal. 2010) (same). According to the Docket entries in this case, Plaintiff did not file the required affidavit.

**E.      Plaintiff Fails to State FAL and UCL Claims**

**1.      Plaintiff Fails to State FAL and UCL "Unlawful" Claims**

Section 17533.7 of the FAL prohibits the sale of merchandise within California "on which merchandise or on its container there appears the words 'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States. (FAC ¶ 67 (*quoting* Cal. Bus. & Prof. Code, § 17533.7).) As the court stated in *Figy v. Amy's Kitchen, Inc.*, Section 17533.7 "prohibits a particular

type of consumer deception – the mislabeling of products using the words 'Made in USA'". No. CV 13-03816 SI, 2013 WL 6169503, at *3 (N.D. Cal. Nov. 25, 2013).

Here, Plaintiff's claim for violation of Section 17533.7 (FAC ¶¶ 67-72) necessarily fails as a matter of law because she alleges that the only country of origin words "on" the Necktie were on "the fabric tag attached to the Necktie" and these words stated that the fabric was "Made in China." (FAC ¶¶ 3, 19 and Ex. B thereto.) Plaintiff's further allegation that Lands' End violated Section 17533.7 based upon "the 'Made in USA' country of origin designation as fully set forth herein" (FAC ¶ 69) is the proverbial nail in the coffin because the only country of origin designation "on" the Necktie that is "fully set forth" in the FAC is "Made in China."  Accordingly, Plaintiff's FAL claim must be dismissed with prejudice. Plaintiff's claims under the UCL's "unlawful" and "fraudulent" prongs (*id.* ¶¶ 55, 59) also automatically fail because they too are based upon Lands' End purported violation of Section 17533.7.[3]

### 2.    Plaintiff Fails to State UCL "Unfair" Claims

Plaintiff's equally dependent UCL "unfair" claims (FAC ¶¶ 56-58) fail for all the same reasons. In *Lozano v. AT&T Wireless Serv., Inc.*, the Ninth Circuit endorsed the use of the "tethering" test to evaluate consumer claims under the UCL's "unfair" prong. 504 F.3d 718, 736 (9th Cir. 2007). Under the "tethering" test, a consumer must show "that the public policy which is a predicate to his UCL unfairness claim is "tethered" to a specific constitutional, statutory, or regulatory provision." *Harvey v. Bank of Am., N.A.*, 906 F.Supp. 2d 982, 995-96 (N.D. Cal. 2012); *French v. JP Morgan Chase Bank, N.A.*, No. 13-cv-969-BED (BLM), 2013 WL 6528510, at *6 (S.D. Cal. Nov. 25, 2013); *see also Gerbery v. Wells Fargo Bank, N.A.*, No. 13 CV-614-MMA(DHB), 2013 WL 3946065, at *9-10 (S.D. Cal. July 31, 2013) (Anello J.).[4] A plaintiff who fails to state a statutory

---

[3] *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (the alleged conduct "must violate a law … in order for Plaintiffs to state a claim for relief under Section 17200's 'unlawful prong"); *Moore v. Wells Fargo Bank, N.A.*, No. 14cv1342-GPC-RBB, 2014 WL 4355585, at *8 (S.D. Cal. Sept. 3, 2013) (a plaintiff who fails to state a claim under a "borrowed" law cannot state a claim under the UCL's "unlawful" prong).

[4] *Accord Valencia v. Wells Fargo Home Mortg. Inc.*, No. C 14-3354 CW, 2014 WL

violation cannot state a UCL fairness claim "tethered" to that statute. *Williamson*, 2014 WL 4220824, at *7; *Gerbery*, 2013 WL 3946065 at *10; *Spurlock v. Carrington Mortg. Servs., Inc.*, No. 09CV2273-MMA (JMA), 2010 WL 3069733, at *6 (S.D. Cal. Aug. 4, 2010) (Anello J.) (UCL claim dismissed to the extent it was predicated upon failed FAL claim); *see also Harvey*, 906 F.Supp. 2d at 995-96 (plaintiff's "unfair" claim failed because he invoked the tethering standard and his tethered claims failed). Like the plaintiffs in *Spurlock* and *Harvey,* Plaintiff expressly "tethers" all three iterations of her UCL unfairness claim to her failed allegations of a Section 17533.7 violation (FAC ¶¶ 56-58) and, consequently, Plaintiff fails to state a claim under the UCL's unfair prong.[5]

### 3. Plaintiff's FAL and UCL Claims Fail For Additional Reasons

Plaintiff also fails to state FAL and UCL claims because, as set forth in Sections III(B)(1) and (2)*, supra*, she fails to allege the requisite actual reliance and the prerequisites for injunctive and declaratory relief. In addition, remedies under the UCL and FAL are limited to injunctive relief and restitution. Cal. Bus. & Prof. Code § 17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003); *McMahon v.*

---

5812578, at *6 (N.D. Cal. Nov. 7, 2014); *Williamson v. McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2014 WL 4220824, at *6-7 (N.D. Cal. Aug. 22, 2014); *French v. JP Morgan Chase Bank, N.A.*, No. 13-cv-969-BEN (BLM), 2013 WL 6528510, at *6 (S.D. Cal. Nov. 25, 2103) ("A finding of unfairness must be tethered to a legislatively declared policy or proof of some actual or threatened impact on competition").

[5]Nor can Plaintiff be heard to argue that the FAC satisfies the alternative test for an UCL unfairness claim. Under that "balancing" test, Plaintiff must allege that (1) defendant's conduct is "immoral, unethical, oppressive, unscrupulous or substantially injurious to customers," and (2) "the utility of the defendant's conduct" is out-weighed by "the gravity of the harm to the alleged victim." *Lozano*, 504 F.3d at 736. Although the FAC parrots this language (FAC ¶ 57-58), Plaintiff alleges no facts that support these conclusory allegations. *Kirkeby v. JP Morgan Chase Bank, N.A.*, No. 13cv377-WQH-MDD, 2014 WL 4364836, at *5 (S.D. Cal. Sept. 3, 2014) (UCL unfairness claim dismissed because conclusory allegation that defendant's conduct was "injurious to consumers, offended public policy, and was unethical and unscrupulous" failed to satisfy Rule 9(b)); *Williamson*, 2014 WL 4220824, at *7 (UCL unfairness claim dismissed; "As to the balancing test, Plaintiff has sufficiently described Defendant's practices but has not provided sufficient factual allegations to plausibly and plainly allege that those practices are 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,' nor has Plaintiff included allegations that go towards comparing the harm to consumers against the utility of Defendant's conduct."); *accord Moore*, 2014 WL 4355585, at *7 ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to withstand a motion to dismiss].'") (*quoting Iqbal*, 556 U.S. at 678).

*Take-Two Interactive Software, Inc.*, No. EDCV 13-02032-VAP (SPx), 2014 WL 324008, at *6 (C.D. Cal. Jan. 29, 2014) (to state a FAL claim, a plaintiff must "establish entitlement to restitution or injunctive relief"); *Campion*, 861 F.Supp. 2d at 1146 (*quoting Durell v. Sharp Healthcare*, 183 Cal. App. 4th 350, 1359 (2010)).

## F. Plaintiff Fails to State Claims Based upon Unseen Advertising and/or Unpurchased Products

Even assuming, *arguendo*, that Plaintiff has standing to assert UCL, FAL, and CLRA claims based upon Unseen Advertising and/or Unpurchased Products, the FAC fails to state such claims because Plaintiff alleges no facts identifying this advertising/labeling or these products. Consequently, these claims do not satisfy: (1) Rule 8(a) because Plaintiff fails to give the requisite fair notice (*Twombly*, 550 U.S. at 555); (2) Rule 9(b) because these claims are not alleged with the necessary particularity (*Semegen*, 780 F.2d at 731); and (3) the UCL's, FAL's, and CLRA's actual reliance requirements. *See* Section III(B), *supra*.

## G. Plaintiff Fails to State UCL, FAL, and CLRA Claims on Behalf of Non-California Consumers and the Court Lacks Jurisdiction Over Such Claims

In addition to her individual claims, Plaintiff alleges these same UCL, FAL, and CLRA claims on behalf of a putative national class that includes non-California residents. (FAC ¶ ¶ 3 (footnote 2), 28.) Yet, the FAC fails to allege any facts that show (or from which the Court reasonably could infer) that these out-of-state consumers were injured as a result of California transactions or Lands' End's alleged conduct in California.[6] California law is clear that out-of-state residents cannot invoke the UCL, FAL, and CLRA for relief against any defendant – much less an out-of-state defendant – when, as here, their alleged injuries did not occur in California and were not caused by conduct in or emanating from California. *Sullivan v. Oracle*, 51 Cal. 4th 1191, 1207 (2011) (there is a presumption against applying California law to activity and transactions occurring outside the state; "the presumption against extraterritoriality applies to the UCL in full

---

[6] Plaintiff alleges that Lands' End is a Delaware corporation (FAC ¶ 6) and she does not – and cannot – allege that its principal place of business is in California.

force"); *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-23, 225 (1999) (denying nationwide class certification because the UCL does not apply to "injuries suffered by non-California residents, caused by conduct occurring outside of California's borders, by defendants whose headquarters and principal places of operations are outside of California").[7] As a result of Plaintiff's failure to allege any factual nexus between California and these out-of-state putative plaintiffs' alleged injuries, and/or between California and Lands' End's alleged conduct in California, the FAC fails to state claims on their behalf.

In addition, because these non-California putative plaintiffs cannot invoke the CLRA, UCL, and FAL for relief, they also lack Article III standing because their CLRA, UCL, and FAL claims could not be redressed by a favorable ruling in Plaintiff's case. *Clapper v. Amnesty Int'l USA,* __U.S. ___, ___, 133 S.Ct. 1138, 1147 (2013) (standing requires an injury that is redressable by a favorable ruling); *Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 WL 2120825, at *3 (S.D. Cal. May 14, 2013) (lack of standing to assert CLRA, UCL, and FAL claims where none of the alleged conduct or harm occurred in California; thus, plaintiff's alleged injury was not redressable by a favorable ruling). Accordingly, the FAC's claims on behalf of non-California residents must be dismissed or, alternatively, stricken because their legal insufficiency is clear on

---

[7] *Accord Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp. 2d 1134, 1147-48 (N.D. Cal. 2013) (dismissing UCL, FAL, and CLRA claims on behalf of a nationwide putative class of consumers based on activity in other states "because nothing in Plaintiffs' complaint alleges that any of the out-of-state purchases were directed from California or had anything to do with California"); *Zora Analytics, LLC v. Sakhamuri*, No. 3:13-CV-639-JM (WMC), 2013 WL 4806510, at *9 (S.D. Cal. Sept. 9, 2013) (no UCL claim alleged because plaintiff pleaded no facts indicating that defendant's actions occurred in or were at least substantially related to acts that occurred in California); *Stocco v. Gemological Instit. of Am., Inc.*, No. 12-CV-1291-WQH (DHB), 2013 WL 76220, at *12 (S.D. Cal. Jan. 3 2013); *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *7 (N.D. Cal. Dec. 13, 2012) (dismissing UCL, FAL, and CLRA claims as to purchases outside of California made by non-California residents brought as part of a nationwide class action where the complaint did not allege the requisite contacts with California to support the extraterritorial application of California laws); *Gentges v. Trend Micro Inc.*, No. C 11-5574 SBA, 2012 WL 2792442, at *6 (N.D. Cal. July 9, 2012); *Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, at *4 (N.D. Cal. June 13, 2012) (non-California resident cannot bring UCL and CLRA claims if they cannot allege misconduct that occurs within or emanates from California even though the defendant corporation resides in California).

the FAC's face.

**H.    Plaintiff's Putative Class Allegations Necessarily Fail**

Plaintiff's putative class claims fail for all the same reasons that her individual claims fail. *Cattie*, 504 F.Supp. 2d at 951. In *Cattie*, plaintiff brought suit against Wal-Mart and its online company on behalf of herself and a putative nationwide class based upon allegations of false advertising on Wal-Mart's website. *Id.* Defendants sought dismissal of the class claims on the same bases on which they sought dismissal of plaintiff's individual claims. After dismissing plaintiff's claims, the court dismissed the class claims because,

> [e]xcept for the issue of CLRA notice, and Plaintiff's standing as a non-California resident, the class claims track Plaintiff's claims and are supported by the same evidence and allegations; thus, the class claims must be dealt with in the same fashion as Plaintiff's claims.

*Id.* at 952. The reasoning in *Cattie* is equally applicable here and, accordingly, all of Plaintiff's putative class claims also must be dismissed.

## IV.  <u>CONCLUSION</u>

For all the foregoing reasons, Lands' End, Inc. respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety and grant such other relief as the Court deems just and fair.


DATED:  January 26, 2015                    GREENBERG TRAURIG, LLP


                              By:  */s/ Francis A. Citera*
                                   _____

                                   Francis A. Citera
                                   Robert J. Herrington
                                   Attorneys for Defendant
                                   LANDS' END, INC.