**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Elaine Oxina

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELAINE OXINA, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LANDS' END, INC.,**<br><br>Defendant. | **Case No.:** 3:14-CV-02577-MMA-NLS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(B)(6)**<br><br>**Date**:  March 2, 2015<br>**Time**: 2:30 p.m.<br>**Dept**: 3A<br>**Judge**: Hon. Michael M. Anello |

//

//

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

I.   INTRODUCTION ................................................................. 1

II.  STATEMENT OF FACTS ...................................................... 3

III. ARGUMENT ....................................................................... 6

    A.   LEGAL STANDARD ..................................................... 4

    B.   PLAINTIFF HAS STANDING TO ASSERT UCL, FAL,
        AND CLRA CLAIMS ..................................................... 5

        1.   Plaintiff Has Standing As Purchaser of the
            Offending Necktie ............................................... 5

        2.   Plaintiff Has Standing to Represent Purchasers of
            All of Defendant's Similarly Offending Products ................. 8

    C.   PLAINTIFF HAS STANDING FOR INJUNCTIVE AND
        DECLARATORY RELIEF ................................................ 9

    D.   PLAINTIFF'S CLAIM UNDER THE CLRA ......................... 10

    E.   PLAINTIFF HAS ADEQUATELY PLED FAL AND UCL CLAIMS ......... 10

        1.   Plaintiff Adequately Alleges UCL "Unlawful" Claims ...... 10

        2.   Plaintiff Adequately Alleges UCL "Unfair" Claims ........... 11

    F.   PLAINTIFF ADEQUATELY STATES CLAIMS FOR THE CLASS OF
        PURCHASERS OF DEFENDANT'S OTHER OFFENDING PRODUCTS ..... 12

        1.   Courts Apply the "Substantially Similar" Approach ......... 12

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

2.    **Plaintiff Challenges "Substantially Similar" Products and Conduct** ............................................ 13

G.    PLAINTIFF PROPERLY ASSERTS A NATIONWIDE CLASS ................... 14

IV.    **ALTERNATIVE LEAD TO AMEND** ......................................... 14

V.    **CONCLUSION** ........................................ 15

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Jamba Juice,*
  888 F. Supp. 2d 1000, 1005-06 (N.D. Cal. 2012)..............................13

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..............................................................4, 7

*Astiana v. Ben & Jerry's Homemade, Inc.*
  2011 WL 2111796 at *5 (N.D. Cal. May 26, 2011).........................6

*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
  2012 WL 2990766 (N.D. Cal. 2012).........................................12

*Barker v. Riverside County Office of Educ.,*
  584 F.3d 821(9th Cir. 2009)......................................................4

*Bell Atlantic. Corp. v. Twombly,*
  550 U.S. 544 (2007)..............................................................4, 7

*Brazil v. Dole Food Co.,* Inc.,
  2013 WL 5312418 (N.D. Cal. 2013).........................................14

*Brown v. Hain Celestial Group, Inc.,*
  913 F. Supp. 2d 881, 890 (N.D. Cal. 2012)................................13

*Bruno v. Quten Research Inst.,* LLC,
  280 F.R.D. 524 (C.D. Cal. 2011)................................................8

*Carrea v. Dreyer's Grand Ice Cream,*
  2012 WL 159380, at *3 (N.D. Cal. 2011) )...............................12

*Clancy v. The Bromley Tea Company,*
  2013 WL 4081632 (N.D. Cal. Aug. 9, 2013)..........................8, 14

*Dorfman v. Nutramax Labs. Inc.,*
  2013 WL 5353043, at *5-8 (S.D. Cal. 2013)..............................13

*Foman v. Davis,*
  371 U.S. 178, 182 (1962)........................................................14

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Forcellati v. Hylands, Inc.*
    876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012)................................................8, 14

*Gitson v. Trader Joe's Co.*,
    2014 WL 108640 (N.D. Cal. Mar. 14, 2014)................................................9

*Hall v. City of Santa Barbara*,
    833 F.2d 1270 (9th Cir. 1986)................................................4

*Henderson v. Gruma Corp.,*
    2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011)................................................9

*In re Tobacco II Cases,*
    46 Cal 4th 298 (2009)................................................7

*Khasin v. Hershey Co.,*
    2012 WL 5471153, at *6 (N.D. Cal. Nov. 9, 2012)................................................6

*Kwikset Corp.* v. Superior Court,
    71 Cal. 4th 310 (2011)................................................1, 7

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001)................................................4

*Lozano v. AT&T Wireless Serv., Inc.*,
    504 F.3d 718 (9th Cir. 2007)................................................11

*McDougal v. County of Imperial,*
    942 F.2d 668 (9th Cir. 1991)................................................4

*Mazza v. Honda American Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012)................................................8, 14

*NL Industries, Inc. v. Kaplan*,
    792 F.2d 896 (9th Cir.1986)................................................4

*Ries v. Arizona Beverages USA LLC*,
    287 F.R.D. 523 (N.D. Cal. 2012)................................................10

*Simpson v. California Pizza Kitchen, Inc.*,
    2013 WL 5827671, at *8 n. 2 (S.D. Cal. 2013)................................................13

*Smith v. Jackson*,
   84 F.3d 1213 (9th Cir. 1996).............................................................4, 5

*Stephenson v. Neutrogena*,
   2012 U.S. Dist. LEXIS 1005, 1009 (N.D. Cal. 2012)...........................13

*Theranos, Inc. v. Fuisz Pharma LLC*,
   76 F. Supp. 2d 1123 (N.D. Cal. 2012)....................................................6

*U.S. S.E.C. v. ICN Pharm., Inc.*,
   84 F. Supp. 2d 1097 (C.D. Cal. 2000).....................................................4

*Usher v. City of Los Angeles*,
   828 F.2d 556 (9th Cir. 1987).................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)................................................................5

*Walling v. Beverly Enters.*,
   476 F.2d 393 (9th Cir. 1973).................................................................7

*Werdebaugh v. Blue Diamond Growers*,
   2013 WL 5487236, *14 (N.D. Cal. 2013)...............................................13

*Westlands Water Dist. v. Firebaugh Canal*,
   10 F.3d 667 (9th Cir.1993).....................................................................4

**Statutes**

Business & Professions Code § 17200, et seq..............................2, 3, 11

Business & Professions Code § 17533.7 ............................1, 2, 3, 10, 11

Cal. Civ. Code § 1770, subd. (a)(4) .............................................. 1

Cal. Civ. Code § 1780(a) ............................................................ 5

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ....................................................... 1, 4, 5

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# I.  INTRODUCTION

As an initial matter, the California has not only enacted a statute to protect the "Made in USA" label in California through California Business & Professions Code § 17533.7[1], but the California Supreme Court has confirmed the importance of the California "Made in USA" standard in one of its most important consumer protection decisions by stating that:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in U.S.A." label matters.  A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and its industries and workers…"

*Kwikset Corp.* v. Superior Court, 71 Cal. 4th 310, at 328-29 (2011).

Defendant, LANDS' END, INC., (Lands' End or "Defendant"), seeks to capitalize on consumers' reliance on the accuracy of label representations and advertises Defendant's product as **"Made in USA"** [First Amended Complaint ("FAC") ¶ 12]. However, the product was in fact made in China as indicated by the fabric tag on Defendant's product. [FAC ¶ 3]. Defendant's product is therefore not "Made in USA" as it falsely advertises to consumers. [*Id*.] Yet, Defendant charges

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[1] Cal. Bus. & Prof. Code § 17553.7 makes it unlawful to label any merchandise with the statement "Made in the U.S.A." when the merchandise or any article, unit, or part thereof has been entirely or substantially made, manufactured, or produced outside of the United States.

more for its products in comparison to Defendant's competitors based on its false "Made in USA" country of origin designation [FAC ¶ 18]. Although advertised as "Made in USA," Defendant's product is in fact made in China, and thus foreign made and/or composed of foreign-made component parts, is inherently of lower quality, less reliable, and less durable durable than if the product was truly made in the United States. [FAC ¶ 22, 23]. Furthermore, Defendant's product is not worth the purchase price paid by Plaintiff and consumers who relied upon and consequently injured by Defendant's representation that its product was "Made in USA." [FAC ¶ 24, 25]. This conduct is not only injurious to consumers who purchase Defendant's product based on false representations, but also to other businesses who honestly market their products and get beat out by Defendant and others who misrepresent their product to acquire an unfair advantage in the marketplace.

Based upon Defendant's false and misleading advertising and unfair business practices, Plaintiff brought the following action on behalf of herself and others similarly situated, alleging violations of (1) California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) California's False "Made in U.S.A." Claim, Cal. Bus. & Prof. Code § 17533.7.

Despite the evidence presented in the Complaint, Defendant moves to dismiss on the basis that Plaintiff has failed to state a claim. However, whether Defendant's advertisement violates the UCL or FAL is a factually driven inquiry making it inappropriate for resolution on a Motion to Dismiss. Defendant's product is advertised as "Made in U.S.A." which is a specific measurable claim that is reasonably interpreted as meaning made in the United States and not made outside the U.S.A. Thus, a factual inquiry remains as to whether Defendant's product is in fact "Made in U.S.A." Therefore, for these reasons, and as discussed herein, Defendant's Motion should be denied.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## II. STATEMENT OF FACTS

Plaintiff, ELAINE OXINA ("Plaintiff"), filed the present action on November 19, 2014 against LANDS' END, INC. ("Defendant"). [ECF No. 1]. The Complaint alleges (1) California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) California's False "Made in U.S.A." Law, Cal. Bus. & Prof. Code § 17533.7 for Defendant's false advertisement of its products with the false country of origin designation as "Made in U.S.A." when in fact they are made in China and /or include component parts which are not in fact made or manufactured in the U.S.A, as Defendant claims. [FAC ¶¶ 3, 14].

On August 29, 2014, Plaintiff purchased a Necktie from Defendant's website.  At the time of the purchase, the description on Defendant's website stated that the Necktie was "Made in USA." [First Amended Complaint ("FAC") ¶ 19]. However, upon receipt of the Defendant's product, Plaintiff learned that the product was in fact made in China, as indicated by the fabric tag attached to Defendant's product. [FAC ¶ 3]. Thus, Defendant has violated California's False "Made in U.S.A." Law, Cal. Bus. & Prof. Code § 17533.7, by labeling its merchandise with the statement "Made in the U.S.A." when Defendant's product has been entirely or substantially made, manufactured, or produced outside of the United States. [FAC ¶ 14].

In response to Plaintiff's First Amended Complaint, filed on November 19, 2014 [ECF # 5], Defendant's have filed their present Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint. ("Defendant's Motion").  Defendant's argue that Plaintiff lacks standing to assert UCL, FAL and CLRA claims, that Plaintiff lacks standing for injunctive and declaratory relief, and that Plaintiff does not sufficiently allege claims under the UCL, FAL and CLRA.  However, Plaintiff asserts that based on the standards and reasoning set forth herein and below, Defendant's Motion should be denied.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# III. ARGUMENT

## A. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint need only plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether Plaintiff has stated sufficient facts such that the claim is plausible, "[a]ll allegations of material facts are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must also "draw inferences in the light most favorable to the plaintiff." *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); see also *U.S. S.E.C. v. ICN Pharm., Inc.,* 84 F. Supp. 2d 1097, 1098 (C.D. Cal. 2000) ("The court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the Plaintiff.") (citing *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters*., 476 F.2d 393, 396 (9th Cir. 1973).

A court will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A Rule 12(b)(6) Motion to Dismiss "is viewed with disfavor and is rarely granted." *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991); quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). Therefore, a dismissal of a plaintiff's complaint, without leave to amend, is appropriate only where "it appears beyond doubt that plaintiff can prove no set of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

facts that would entitle her to relief." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). A dismissal for failure to state a claim with Rule 12(b)(6) "should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).

In light of the above standards, Defendant's Motion should be denied or, in the alternative, Plaintiff be granted leave to re-plead and amend.

### B. PLAINTIFF HAS STANDING TO ASSERT UCL, FAL, AND CLRA CLAIMS.

Defendant argues that Plaintiff lacks standing under the UCL, FAL and CLRA because she has not sufficiently alleged facts showing that she lost money or property. [Defendant's Motion, p. 5]. Defendant further attempts to distort Plaintiff's allegations by playing semantics to reason that Plaintiff's decision to purchase Defendant's product "supported by" Defendant's "Made in USA" representation and that Plaintiff's purchasing decision "relied" upon Defendant's misrepresentation are not allegations of causation. [Defendant's Motion, p. 6].

To bring a claim under the UCL or FAL, Plaintiff must show that she suffered "injury in fact and lost money or property as a result of" the challenged practice. Cal. Bus. & Prof. Code ¶ 17203, 17204, 17535. Similarly, under the CLRA, Plaintiff must show that Plaintiff suffered "damage as a result of" the challenged practice. Cal. Civ. Code § 1780(a). In the instant matter, Plaintiff easily satisfies these requirements as Plaintiff has sufficiently alleged that she has suffered an injury in fact, lost money, and suffered damages as a result of Defendant's misrepresentation that its product was "Made in USA."

### 1. Plaintiff Has Standing As Purchaser of the Offending Necktie

Plaintiff has clearly alleged that "Plaintiff suffered an 'injury in fact' because Plaintiff's money was taken as a result of Defendant's false 'Made in USA' designation." [FAC ¶ 22]. Plaintiff further establishes that she lost money as a result of Defendant's misrepresentations as she relied upon Defendant's "Made in USA" representation" in making her purchasing decision and she "believed at

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the time she purchased the Necktie that she was purchasing a superior quality product." [FAC ¶ 20] – i.e., she believed that she purchased Defendant's product at a premium.   It is well-established that these allegations are sufficient to state a claim for false advertising.  *See Khasin v. Hershey Co.*, 2012 WL 5471153, at *6 (N.D. Cal. Nov. 9, 2012) (standing established where plaintiff "alleges that he has lost money or property when he purchased the products in question because he did not receive the full value of those products as advertised and labeled due to the alleged misrepresentation"); *Astiana v. Ben & Jerry's Homemade, Inc*. 2011 WL 2111796, at *5 (N.D. Cal. May 26, 2011) (holding that plaintiffs "have sufficiently alleged injury-in-fact under the UCL simply by asserting that they spent money on the allegedly mislabeled product.").

Accordingly, here Plaintiff has standing and sufficiently alleged her injury and damages incurred as a result of her reliance on Defendant's misrepresentation of its product as "Made in USA" when it was in fact made in China. [FAC ¶ 3, 13, 14].   Furthermore, Plaintiff clearly alleges her reliance and how she was misled by Defendant's misrepresentation as "Plaintiff believed at the time she purchased the Necktie that she was purchasing a superior quality product, as well as supporting U.S. jobs and the U.S. economy." [FAC ¶ 20].  Defendant attempts to argue that Plaintiff fails to sufficiently allege that "but for" the "Made in USA" representation, she would not have purchased the Necktie" because Plaintiff alleges her decision was "supported by" Defendant's misrepresentation [Defendant's Motion, p.6].   Defendant takes issue with the use of the words "supported by" rather than the words "relied upon;" however, it is clear that these words arrive at the same point and Defendant's arguments should be ignored as Plaintiff has sufficiently pled reliance on Defendant's "Made in USA" claim and the consequential causation of damages. Moreover, on a motion to dismiss, the Court "taking as true all allegations of fact and drawing all reasonable inferences in favor of the Plaintiff." *Theranos, Inc. v. Fuisz Pharma LLC*, 76 F. Supp. 2d 1123,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1126 (N.D. Cal. 2012) (citing *Twombly*, 550 U.S. 544, 570; *Iqbal*, 556 U.S. 662, 678; *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987); and any existing ambiguities must be resolved in the favor of the pleading. *Walling*, 476 F.2d 393, 396.

Defendant also relies on *In re Tobacco II Cases*, 46 Cal 4th 298 (2009), to argue that Plaintiff has not sufficiently alleged reliance and that Plaintiff must allege "defendant's misrepresentation or nondisclosure 'was an immediate cause' of the plaintiff's injury-producing conduct." *Id*. at 236. However, Plaintiff sufficiently alleges her reliance on Defendant's misrepresentation [Defendant's Motion, p.6] and it can at minimum be inferred that Defendant's misrepresentation was the immediate cause of Plaintiff's injury and damages as Plaintiff could have easily selected a competitor's product or a different product sold on Defendant's website; however, she chose the Necktie in question and suffered the alleged injury, thereby giving rise to the instant matter.

Similar to *Kwikset*, here Plaintiff wanted to purchase a product made in the United States, but in fact received a product made in China, despite Defendant's representation that its product was "Made in USA." In *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011), the court reasoned that the plaintiffs had "lost money" because they wanted to purchase American-made products, but were induced by the false labeling to purchase products that were not American-made. *Id*. The plaintiffs were not required to allege that the locksets were defective, overpriced, or of inferior quality in order to establish sufficient economic harm for standing purposes. *Id*. at 331. Accordingly, Plaintiff has sufficiently alleged standing.

//
//
//
//

**2. Plaintiff Has Standing to Represent Purchasers of All of Defendant's Similarly Offending Products.**

Defendant argues that Plaintiff cannot assert UCL, FAL, and CLRA claims on behalf of putative class members for the similarly false "Made in USA" advertising of products Plaintiff did not herself purchase. [Defendant's Motion, p. 7]. Defendant further argues that Plaintiff does not have standing to allege these claims on behalf of putative class members because Plaintiff did not herself purchase those products. However, Defendant's argument must be ignored, as it is not an appropriate inquiry of standing, but rather a question of typicality, which is inappropriate on a motion to dismiss. *Clancy v. The Bromley Tea Company*, 2013 WL 4081632 (N.D. Cal. Aug. 9, 2013). Furthermore, it is premature to decide now whether the class definition should encompass California only or nationwide as the majority approach in this Circuit is to defer the question until class certification. *See, e.g. Clancy* at *7 (declining to dismiss a claim for nationwide class under California law; explaining that "a detailed choice-of-law analysis is not appropriate at this stage of litigation.") (*See also, Mazza v. Honda American Honda Motor Co*., 666 F.3d 581 (9th Cir. 2012) and *Forcellati v. Hylands, Inc.* 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) (the court did not establish a bright-line rule against nationwide classes).

In *Clancy v. The Bromley Tea Co.*, the court explained that a plaintiff's ability to pursue claims on behalf of purchasers of similar products is not a question of standing as "[d]eciding at the pleading stage that a plaintiff cannot represent a class who purchased any different products than the plaintiff seems unwarranted" and "analyzing the 'sufficient similarity' of the products is not a standing inquiry, but rather an early analysis of the typicality, adequacy, and commonality requirements of Rule 23." *Id*. at *6; (*See* also, e.g., *Bruno v. Quten Research Inst.*, LLC, 280 F.R.D. 524 (C.D. Cal. 2011); *Forcellati v. Hylands, Inc*. 876 F. Supp. 2d 1155, 1162 (C.D. Cal. 2012) where courts reached the same

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1 conclusion.) Under this reasoning, it is clear that Plaintiff has standing to represent
2 purchasers of all of Defendant's products falsely advertised as "Made in USA" as
3 Defendant advertised all its products using the same misrepresentation in the same
4 way. *See Gitson v. Trader Joe's Co*., 2014 WL 108640 (N.D. Cal. Mar. 14, 2014)
5 (the similarity of the alleged misrepresentation holds significant weight."). Thus,
6 Plaintiff who purchased Defendant's product based on the representation that it
7 was "Made in USA" has standing to represent purchasers of Defendant's other
8 products that contain the same misrepresentation.

9 **C. PLAINTIFF HAS STANDING FOR INJUNCTIVE AND DECLARATORY RELIEF.**

10 Defendant argues that Plaintiff lacks standing to assert claims for injunctive
11 or declaratory relief because she now knows that the Necktie was not "Made in
12 USA" and does not allege that she is likely to purchase the necktie again or that
13 she continues to be misled by Defendant's misrepresentation. [Defendant's
14 Motion, p. 9]. However, it argument contradicts common sense and fairness to bar
15 Plaintiff from seeking injunctive or declaratory relief simply because she has
16 discovered Defendant's deceptive practices, particularly because Plaintiff seeks to
17 represent the putative class of other purchasers of Defendant's products who relied
18 on Defendant's false "Made in USA" representation and continue to face the threat
19 of irreparable harm as a result of Defendant's unlawful and wrongful conduct
20 [FAC ¶ 36, 62].

21 Moreover, many courts in this Circuit have rejected identical arguments,
22 explaining that the plaintiff does continue to face injury because "[w]hile Plaintiffs
23 may not purchase the same [Defendant's] products as they purchased during the
24 class period, because they are now aware of the true content of the products, to
25 prevent them from bringing suit on behalf of a class in federal court would surely
26 thwart the objective of California's consumer protection laws." *Henderson v.
27 Gruma Corp.,* 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011). Furthermore, if
28 Plaintiff were to encounter Defendant's same misrepresentation on the Defendant's

product today, "they could not rely on that representation with any confidence" and "this is the harm California's consumer protection statutes are designed to redress." *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012).

### D. PLAINTIFF'S CLAIM UNDER THE CLRA

With regard to Defendant's argument against Plaintiff's claim brought under the CLRA, Plaintiff states that Plaintiff does not oppose this section only of Defendant's argument.  Plaintiff will dismiss this claim only <u>without prejudice</u> and allow Defendant an opportunity to cure.

### E. PLAINTIFF HAS ADEQUATELY PLED FAL AND UCL CLAIMS

#### 1. Plaintiff Adequately Alleges UCL "Unlawful" Claims

Defendant argues that Plaintiff has not alleged an "unlawful" claim under the UCL because Plaintiff's claims arise from Defendant's violation of Bus. & Prof. Code § 17533.7, which was made apparent to Plaintiff through the fabric tag attached to the Necktie that revealed the product was "Made in China." [Defendant's Motion, p. 12]. However, Plaintiff cannot make sense of Plaintiff's argument as it seems to overlook Plaintiff's allegation that at the time of Plaintiff's purchase of the offending Necktie, Defendant's false  "Made in USA" claim was prominently displayed on Defendant's website under the description of Defendant's product.  In addition, Plaintiff relied on Defendant's "Made in USA" representation at the time of purchasing Defendant's product. [FAC ¶¶ 3, 19]. Plaintiff only saw the Necktie's tag revealing Defendant's product was made in China until Plaintiff received the product she ordered from Defendant's website. The fact that Plaintiff learned Defendant's product was actually made in China, contrary to Defendant's representation that the product was "Made in USA," after Plaintiff received the product and saw the Necktie's tag which said "Made in China" does not cause Plaintiff's claim to fail under the UCL or the unlawful prong as Plaintiff has not and cannot claim how this was lawful.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiff adequately alleges a UCL claim through the "unlawful" prong as Defendant's conduct in manufacturing, distributing, and/or marketing Defendant's apparel products with a false country of origin designation, in violation of Bus. & Prof. Code § 17533.7 by falsely representing Defendant's products as "Made in USA" when in fact foreign made and/or composed of component parts manufactured outside of the United States constitute "unlawful" business practices within the meaning of Bus. & Prof. Code § 17200, et seq. [FAC ¶ 55]. Defendant's acts and omissions in violating § 17533.7 constitute unlawful conduct in violation of the UCL. [FAC ¶ 63].  Thus, Plaintiff has adequately alleged a UCL claim and her claims cannot be dismissed.

**2. Plaintiff Adequately Alleges UCL "Unfair" Claims**

Defendant makes the argument that Plaintiff's UCL "unfair" claims fail for the same reasons as above. Defendant also cites *Lozano v. AT&T Wireless Serv., Inc.*, 504 F.3d 718 (9th Cir. 2007), to argue that Plaintiff's claims must meet the "tethering" test to show the UCL unfairness claim is tethered to a specific constitutional, statutory, or regulatory provision. [Defendant's Motion, p. 12]. However, this argument by Defendant also fails for the same reasons as above.

Similar to the reasoning above, Plaintiff has adequately alleged a UCL claim under the "unfair" prong as "Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant" based on Defendant's false "Made in USA" claims. [FAC ¶ 64]. Through these unfair business practices and violation of Bus. & Prof. § 17533.7, Defendant has engaged in conduct that is injurious to consumers who purchase Defendant's product in reliance on Defendant's false and misleading representations of its products' country of origin. Plaintiff's claims also easily meet the "tethering" test as Plaintiff's unfairness claims "tether" to Plaintiff's allegations that Defendant has violated the CLRA and § 17533.7.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Further, it is fundamentally unfair and contrary to public policy to allow Defendant to market and induce purchase of its product by using the misrepresentation that its products are "Made in USA" when Defendant's product is in fact made in China, and of "inferior quality, less reliable, fail more often, and results in lower overall customer satisfaction than if the product was truly 'Made in USA'." [FAC ¶ 23].

### F. PLAINTIFF ADEQUATELY STATES CLAIMS FOR THE CLASS OF PURCHASERS OF DEFENDANT'S OTHER OFFENDING PRODUCTS.

Defendant argues that even if Plaintiff has the requisite standing to assert her claims on behalf of purchasers of Defendant's other offending products, Plaintiff still fails to state such claims because no facts are alleged identifying the advertising/labeling or these products. [Defendant's Motion, p. 14]. However, as laid out above, Plaintiff has the requisite standing for these claims and Plaintiff may assert claims on behalf of herself and all other similarly situated consumers of Defendant's apparel products, which are similarly misrepresented as "Made in USA" to all consumers who view and purchase products from Defendant's website.

### 1. Courts Apply the "Substantially Similar" Approach

Courts apply the "substantially similar" approach in determining whether the plaintiff is "challenging the same kind of product [...], and asserting the same wrongful conduct applicable to a wide range within Defendant's product line. *Carrea v. Dreyer's Grand Ice Cream*, 2012 WL 159380, at *3 (N.D. Cal. 2011). Similarly, in *Astiana v. Dreyer's Grand Ice Cream, Inc.,* 2012 WL 2990766 (N.D. Cal. 2012), plaintiffs filed a class action alleging that defendant misrepresented its ice cream, falsely labeling the product as containing all natural ingredients. There, while acknowledging that there was authority that went both ways, the court noted "the critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased" and the court there found that plaintiffs

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   alleged sufficient similarity as plaintiffs were challenging the same kind of

2   products (ice cream) as well as the same advertisement/labels for all the products.

3   In essence, the only difference was the flavor of the ice creams. *Id.*

4       Also, courts have declined to engage in a standing analysis at the motion to

5   dismiss juncture, and instead, deferred ruling on the issue until the class

6   certification stage to determine whether the plaintiff may properly serve as a class

7   representative under Rule 23. *See, e.g., Dorfman v. Nutramax Labs. Inc.*, 2013 WL

8   5353043, at *5-8 (S.D. Cal. 2013) (citing *Brown v. Hain Celestial Group, Inc.*, 913

9   F. Supp. 2d 881, 890 (N.D. Cal. 2012)); *See also, Stephenson v. Neutrogena*, 2012

10  U.S. Dist. LEXIS 1005, 1009 (N.D. Cal. 2012); *Anderson v. Jamba Juice*, 888 F.

11  Supp. 2d 1000, 1005-06 (N.D. Cal. 2012); *Werdebaugh v. Blue Diamond Growers*,

12  2013 WL 5487236, *14 (N.D. Cal. 2013); *Simpson v. California Pizza Kitchen,*

13  *Inc.*, 2013 WL 5827671, at *8 n. 2 (S.D. Cal. 2013) ("At this stage in the litigation,

14  the Court agrees with Plaintiff that she has standing to sue for products she never

15  purchased because she is asserting her claims on behalf of a purported nationwide

16  class and the products in question – frozen pizzas – are sufficiently similar to the

17  products Plaintiff purchased.").

18       **2.  Plaintiff Challenges "Substantially Similar" Products and Conduct**

19       Similarly here, it is clear that Plaintiff may assert claims on behalf of all

20  purchasers of similarly offending products as Plaintiff's claims fall under the

21  "substantially similar" framework laid out in the cases above. Defendant has

22  advertised its apparel products in question to consumers using the same "Made in

23  USA" misrepresentation in the same way via Defendant's website to induce

24  consumers to purchase Defendant's offending products, with the only difference

25  being what type of apparel product purchased.  Thus, Plaintiff's claims should not

26  be dismissed.  Furthermore, this Defendant's argument is concern regarding

27  standing and adequacy that may be better addressed at the class certification stage

28  rather than the pleading stage.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### G. PLAINTIFF PROPERLY ASSERTS A NATIONWIDE CLASS

Defendant contends that Plaintiff's cannot represent a nationwide class for claims regarding Defendant's false "Made in USA" claims because the court lacks jurisdiction over non-California residents. [Defendant's Motion, p. 14]. However, as discussed above, it is premature to decide now whether the class should be limited to California only or nationwide.  As laid out above, the majority approach in this Circuit is to defer the question until class certification.  *See*, e.g. *The Bromley Tea Co.*, 2013 WL 4081632 at * 7 (declining to dismiss a claim for nationwide class under California law, explaining that "[s]uch a detailed choice-of-law analysis is not appropriate at this stage of the litigation.") See also *Brazil v. Dole Food Co.,* Inc., 2013 WL 5312418 (N.D. Cal. 2013) (dismissing nationwide class claims at the pleading stage is "premature"); *Mazza v. Honda American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (did not establish such a right-line rule against nationwide classes); *Forcellati v. Hylands, Inc.* 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) (same).  Thus, the issue of whether Plaintiff is a proper class representative for a nationwide class should remain to be determined at the time of class certification.

### IV. ALTERNATIVE LEAVE TO AMEND

Alternatively, should this Court find any of Defendant's arguments persuasive, Plaintiffs respectfully request leave to amend the Complaint to cure any such perceived deficiencies.  As this Court is well aware, leave to amend should be "freely given" when the plaintiff could cure the pleadings defects and present viable claims.  Fed. R. Civ. P. 15(a); see *Foman v. Davis*, 371 U.S. 178, 182 (1962).

//

//

//

//

1

## V. CONCLUSION

2       For the foregoing reasons, Plaintiff's Complaint should not be dismissed.

3   Thus, Defendant's Motion should be denied, or in the alternative, Plaintiff

4   respectfully requests the Court grant leave to amend to cure any deficiencies.

5

6

7

8   Dated: February 16, 2015                             Respectfully submitted,

9                                      **KAZEROUNI LAW GROUP, APC**

10

11                         BY: s/ ABBAS KAZEROUNIAN

12                               ABBAS KAZEROUNIAN, ESQ.

13                               MONA AMINI, ESQ.
                            ATTORNEYS FOR PLAINTIFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626