Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 586-7700
Facsimile:  (310) 586-7800

Francis A. Citera (*Pro Hac Vice*)
citeraf@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

*Attorneys for Defendant*
*Lands' End, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELAINE OXINA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LANDS' END, INC.,<br><br>Defendant. | CASE NO. 3:14-cv-02577-MMA-NLS<br><br>**DEFENDANT LANDS' END, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:           March 2, 2015<br>Time:          2:30 p.m.<br>Courtroom:  3A<br>District Judge:  Michael M. Anello<br><br>Complaint Filed:   November 19, 2014<br>Trial Date:            None Set<br><br>DEMAND FOR JURY TRIAL |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Lands' End, Inc. respectfully submits the following Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or Strike ("Opposition").[1] As set forth below, Plaintiff's Opposition ignores and concedes more than it advocates with valid legal support and, consequently, it underscores the merits of Defendant's Motion.

## I. <u>ARGUMENT</u>

### A. Plaintiff Lacks Standing to Assert UCL and FAL Claims[2]

Significantly, Plaintiff does not deny that under Defendant's controlling authorities, in order to have standing to assert UCL and FAL claims, Plaintiff must allege that she (1) "would not have bought the [Necktie] but for [Lands' End's alleged] misrepresentation" or (2) "paid more for the [Necktie] than she might otherwise have been willing to pay if it had been accurately described." (*Compare* Mem. at 5:19-24 (*citing Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104, 1107, 1109 (9th Cir. 2013); *Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839-40 (9th Cir. 2011); and *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011)) *with* Opp'n at 5:7-7:24.)

### 1. The Necktie

Plaintiff argues that her allegation (parroting the statute) that she "suffered an 'injury in fact' because [her] money was taken by Defendant as a result of Defendant's false 'Made in USA' designation set forth on Defendant's website", combined with a conclusory allegation that she "relied" upon this representation and another allegation that she believed she was purchasing a superior quality product, are sufficient to establish standing under *Khasin v. Hershey Co.*, No. No. 5:12-CV-01862 EJD, 2012 WL 5471153,

---

[1] Terms defined in Lands' End's Motion and supporting Memorandum of Points and Authorities ("Memorandum") are given their same meanings herein.

[2] Because Plaintiff does not oppose the dismissal of her CLRA claim (Opp'n at 10:4-8), Defendant's arguments in this Reply are limited to Plaintiff's UCL and FAL claims.

at *6 (N.D. Cal. Nov. 9, 2012) and *Astiana v. Ben & Jerry's Homemade, Inc.*, Nos. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796, at *5 (N.D. Cal. May 26, 2011) (Opp'n at 5:24-6:11, *citing* FAC ¶¶ 20-21.) Plaintiff is wrong. In both of these cases, the courts found that plaintiffs had standing because they alleged they would not have purchased the product but for defendant's alleged misrepresentations.[3] Thus, unlike Plaintiff here, the *Khasin* and *Astiana* plaintiffs satisfied *Hinojos*, *Degelmann*, and *Kwikset* by alleging "but for" causation and economic loss.[4]

The argument that the FAC alleges standing because Plaintiff alleges that reliance upon the purported misrepresentation caused her to "believe[] … that she was purchasing a superior quality product, as well as supporting U.S. jobs and the U.S. economy" (Opp'n at 6:12-18, *citing* FAC ¶ 20) is equally unpersuasive. An allegation that Plaintiff believed she purchased a "Made in USA" product is neither the allegation that she "would not have bought [it] but for [that] representation" nor the allegation that she "paid more for [it] than she might otherwise have been willing to pay if it had been accurately described" that Plaintiff concedes is necessary under *Hinojos*, *Degelmann*, and *Kwikset*. Indeed, Plaintiff further concedes that her "information and belief" allegation that the Necktie is

---

[3] *Khasin*, 2012 WL 5471153, at *6 ("In the Amended Complaint, Plaintiff asserts that he would not have purchased the products in question had he known the truth about these products and had they been properly labeled in compliance with the labeling regulations. Further, Plaintiff alleges that he had cheaper product alternatives for purchase at his disposal"; the *Astiana* court "[found] standing where plaintiffs alleged that they would not have purchased ice cream labeled 'all natural' had they known that the product contained a synthetic substance."); *Astiana*, 2011 WL 2111796, at *5 ("The injury alleged is that they were deceived, and paid money they would not otherwise have paid had they known about the potassium carbonate in the cocoa.").

[4] Plaintiff's contention that Defendant only takes issue with her use of the words "supported by" rather than "relied upon" (Opp'n at 5:10-14, 6:22-26) misses the point. Under *Hinojos*, *Degelmann*, *Kwikset*, and *In re Tobacco II Cases*, even a conclusory allegation of reliance without a further factual allegation that but for that reliance Plaintiff would not have purchased the Necktie or would not have paid as much if it had been accurately described is insufficient to establish standing *Hinojos*, 718 F.3d at 1104, 1107, 1109; *Degelmann*, 659 F.3d at 839-40; *Kwikset Corp.*, 51 Cal. 4th at 322; *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (a plaintiff proceeding on a claim of misrepresentation "must demonstrate actual reliance"); *see also Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (the court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (*quoting W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

not worth what she paid for it is insufficient to allege that it is not worth its purchase price. (*Compare* Mem. at 6:21-7:8 *with* Opp'n at 5:23-7:24.)

Lastly, contrary to Plaintiff's final throw-in-the-towel argument, the Court cannot simply infer "that Defendant's misrepresentation was the immediate cause of Plaintiff's injury and damages [by assuming that] Plaintiff could have easily selected a competitor's product or a different product sold on Defendant's website." (Opp'n at 7:8-14.) Although the Court is permitted to draw all reasonable inferences from the FAC's allegations of fact, Plaintiff does not and cannot cite any authority for her request that the Court infer facts she does not allege. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("unwarranted inferences are insufficient to defeat a motion to dismiss").

**2.   Unseen Advertising and Unpurchased Products**

Courts in this Circuit are divided about whether and under what circumstances a plaintiff can assert claims/represent a class as to products he or she did not purchase and/or advertising he or she did not see. In Lands' End's authorities, the courts applied a traditional standing analysis and concluded that the plaintiffs lacked UCL, FAL, and Article III standing to assert claims as to unpurchased products and unseen advertising. (Mem. at 7:26-8:18); *see also Johns v. Bayer Corp.*, No. 09 CV 1935 DMS (JMA), 2010 WL 476688, at *4-5 (S.D. Cal. Feb 9, 2010.) Other courts employ a "substantially similar" test whereby standing exists if the products and alleged misrepresentations are substantially similar. As Plaintiff argues, still other courts have held that this is an issue to be decided under Rule 23(a)'s typicality requirement. (Opp'n at 8:8-9:4 (*citing Clancy v. The Bromley Tea Co.*, No. 12-cv-03003-JST, 2013 WL 4081632, at *6 (N.D. Cal. Aug. 9, 2013) and *Forcellati v. Hyland's, Inc.*, 876 F.Supp. 2d 1155, 1162 (C.D. Cal. 2012)).[5]

---

[5] Plaintiff also mistakenly cites *Bruno v. Quten Research Instit., LLC*, 280 F.R.D. 524 (C.D. Cal. 2011) and *Mazza v. Honda Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). (Opp'n at 8:16-17, 8:26-27.) In *Bruno*, the court decided a motion to certify, not a motion to dismiss, and merely held, "Rule 23, not standing, is the appropriate basis by which to evaluate whether to certify this class" (280 F.R.D. at 530) and *Mazza* only addressed the standing of putative class members, not a named plaintiff. 666 F.3d at 594-95.

Regardless of the approach, Plaintiff's Unseen Advertising/Unpurchased Products claims must be dismissed.

First, Plaintiff does not and cannot deny that these claims fail under the traditional standing analysis that Lands' End advocates. (*Compare* Mem. at 7:26-8:18 *with* Opp'n at 8:3-9:8). Second, the FAC fails the "substantial similarity" test for the simple reason that Plaintiff does not allege any substantially similar products or substantially similar labels/advertising.[6] As the court explained in *Wilson v. Frito-Lay N. Am., Inc.*, when it held that Plaintiff failed to allege standing even though the complaint specifically named the unpurchased products and pictured them in its exhibits,

> [T]he court cannot just assume that every one of the Non-Purchased Products' labels is actionable in the same way as the more fully described Purchased Products' labels are. **** To meet the plausibility standard of Rule 8, Plaintiffs have to say more, especially when they are asserting standing as to Products they did not purchase – otherwise their pleadings amount to unacceptably bare legal conclusions.

961 F.Supp. 2d 1134, 1140-42 (N.D. Cal. Oct. 24, 2013) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[7] Here, Plaintiff's thousands and thousands of Unpurchased Products identified only generically as "apparel" and Unseen Advertising merely described as including the snippet "Made in USA" necessarily fail the "substantial similarity" test for standing.

---

[6] *Gitson v. Trader Joe's Co.*, No. 13-cv-01333-WHO, 2014 WL 1048640, at *5-6, 11 (N.D. Cal. Mar. 14, 2014) (Pl.'s authority, Opp'n at 9:1-8) (plaintiff could assert claims for unpurchased products for which she alleged "specific names" and facts showing their substantial similarity, but not for products for which she failed to alleged substantial similarities with specificity; "I previously held in this case that the plaintiff could not bring claims for unidentified products.").

[7] *Accord Maxwell v. Unilever U.S., Inc.*, No. 5:12-CV-01736-EJD, 2014 WL 4275712, at *5-6 (N.D. Cal. Aug. 28, 2014) (claims against unpurchased products dismissed because allegations simply identifying unpurchased products do no sufficiently allege substantial similarity); *Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *7-8 (N.D. Cal. Sept. 23, 2013). (Pl.'s authority, Opp'n at 14:10-12) (plaintiff could not sue with respect to statements he did not see).

Finally, converting the standing inquiry into a Rule 23 typicality question to be resolved later in these proceedings would be particularly improper. Plaintiff's Unpurchased Products and Unseen Advertising claims are based upon nothing more than hopeful speculation that such products and/or labels/advertising exist. Proceeding on claims grounded in such extreme vagueness would only invite judicial waste, deprive Lands' End of the fair notice required under Rules 8(a) and 9(b), and expose it to unjust and costly expense generated by discovery with no pleading boundaries.

In *Lee v. Oregon,* the Ninth Circuit held that "the fact that Plaintiffs filed their complaint as a class action is of no moment. Standing 'is a jurisdictional element that must be satisfied prior to class certification.'" 107 F.3d 1382, 1390 (9th Cir. 1997) (*quoting Nelsen v. King County*, 895 F.2d 1248, 1249-50 (9th Cir. 1990)); *accord Easter v. Am. West Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) ("The district court correctly addressed the issue of standing before it addressed the issue of class certification."). That is by far the better and fairer approach here.

**B.   Plaintiff Lacks Standing to Obtain Injunctive and Declaratory Relief**

Plaintiff does not deny Defendant's arguments that:

(1) Article III standing requires both an injury that is "'likely, as opposed to merely speculative'" and "'that the injury will be redressed by a favorable decision'";

(2) To establish standing for injunctive or declaratory relief, she must allege that she "is threatened with a 'concrete and particularized' legal harm … coupled with 'a sufficient likelihood that [she] will again be wronged in a similar way'";

(3) Plaintiff alleges she knows the Necktie was not "Made in USA" and she does not allege that she is likely to purchase it again or that she continues to be misled by the alleged misrepresentation about the Necktie's country of origin; and

(4) Plaintiff's economic injury is not likely to be redressed by a favorable injunctive or declaratory relief decision.

(*Compare* Mem. at 8:20-10:2 *with* Opp'n at 9:10-10:3.) Instead, Plaintiff argues that it "contradicts common sense and fairness to bar [her] from seeking injunctive or

declaratory relief" and that "many courts in this Circuit" have rejected these arguments, particularly when a plaintiff seeks to represent a putative class. (Opp'n at 9:14-10:3.)

Plaintiff's "common sense" argument necessarily fails because this Court's jurisdictional standing limitations are grounded in law, not common sense.[8] Plaintiff concedes that she fails to allege the facts necessary for standing to assert claims for injunctive and declaratory relief and, accordingly, these claims fail as a matter of law, regardless of whether Plaintiff believes that is sensible or fair.

In addition, Plaintiff's authorities, *Henderson v. Gruma Corp.*, No. CV-10-04173 AHM (AJWx), 2011 WL 1362188 (C.D Cal. Apr. 11, 2011) and *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) (Opp'n at 9:21-10:3), have been soundly rejected, particularly by courts in this District, and are easily distinguished. As Judge Moskowitz held when he rejected the reasoning in *Henderson*,

> [A]s important as consumer protection is, it is not within the Court's authority to carve out an exception to Article III's standing requirements to further the purpose of California consumer protection laws. As Judge Tucker stated in her order in *Delarosa*, "To the extent that *Henderson* and other cases purport to create a public-policy exception to the standing requirement, that exception does not square with Article III's mandate."

*Mason v. Nature's Innovation, Inc.*, No. 12cv3019 (HB), 2013 WL 1969957, at *3-5 (S.D. Cal. May 13, 2013) (*quoting Delarosa v. Boiron, Inc.*, No. SACV 10cv1569 JST (CWx), 2012 WL 8716658, at *5 (C.D. Cal. Dec. 28, 2012)).[9] In *Ries*, the court only

---

[8] *United States v. Hays*, 515 U.S. 737, 742 (1995) ("standing 'is perhaps the most important of [the jurisdictional] doctrines.'" (*quoting FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (standing is a question of law).

[9] *Accord Dabish v. Infinitelabs, LLC,* No. 13-cv-2048 BTM (DHB, 2014 WL 4658754, at *5-6 (S.D. Cal. Sept. 17, 2014) (rejecting *Henderson* and following *Mason*); *Burns v. Tristar Prods., Inc.*, No. 14-cv-749 BAS (DHB), 2014 WL 3728115, at *2-3 (S.D. Cal. July 25, 2014) (same); *Dorfman v. Nutramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 WL 5353043, at *8-9 (S.D. Cal. Sept. 23, 2013) (adopting the reasoning in *Mason*); *Laster v. T-Mobile USA, Inc.*, No. 05cv1167, 2009 WL 4842801, at * 3-4 (S.D. Cal. Dec. 14, 2009) (rejecting the argument that Article III's standing requirements should not

found that plaintiffs had standing to pursue injunctive relief because – unlike Plaintiff here – they alleged an intention to purchase the products at issue in the future. 287 F.R.D. at 533 ("the record is devoid of any grounds to discount plaintiffs' stated intent to purchase in the future, thereby satisfying the requisites for standing").[10]

## C. Plaintiff Fails to State a CLRA Claim

Plaintiff concedes the failure of her CLRA claim and agrees to dismiss it "<u>without prejudice</u> and allow Defendant an opportunity to cure." (Opp'n at 10:4-8.) Under Lands' End's authorities, Plaintiff's failure to give the requisite CLRA notice necessitates the dismissal of her claim with prejudice because she cannot later give notice and amend. (Mem. at 10:22-27.) Plaintiff neither disputes nor distinguishes these authorities (Opp'n at 10:4-8) and, accordingly, her CLRA claim must be dismissed with prejudice.

## D. Plaintiff Fails to State FAL and UCL Claims

### 1. Plaintiff Fails to State FAL and UCL "Unlawful" Claims

Even if Plaintiff cannot make sense of Land's End's argument that allegations of an allegedly false website representation and a tag attached to the Necktie labeling it "Made in China" do not state a UCL "unlawful" claim or a FAL claim based upon a violation of Section 17533.7 (Opp'n at 10:15-19), she does not and cannot deny that:

(1) Section 17533.7 only prohibits sellers or manufacturers from attaching labels to products that falsely state "Made in USA";

---

apply because they frustrate California's interest in protecting its consumers form false advertising).

[10] *Accord In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 574 (C.D. Cal. 2014) (*Ries* found "plaintiffs had standing to pursue injunctive relief where they alleged an intention to purchase the products at issue in the future"); *Davidson v. Kimberly-Clark Corp.*, No. C 14-1783 PJH, 2014 WL 7247398, at *4 (N.D. Cal. Dec. 19, 2014) (distinguishing *Reis* and *Henderson* because plaintiffs in these cases intended to purchase the products in the future); *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *5 (N.D. Cal. Oct. 15, 2014) (*Reis* found "that plaintiffs … alleged that they intended to purchase the products in the future"); *Mason*, 2013 WL 1969957, at *4.

(2) She must allege that Defendant violated Section 17533.7 in order to state a UCL "unlawful" claim or FAL claim based upon a violation of that Section; and

(3) The label attached to the Necktie states "Made in China."

(*Compare* Mem. at 11:23-12:13 *with* Opp'n at 11:12-12:6.) Consequently, Plaintiff's UCL "unlawful" and FAL claims based upon a violation of Section 17533.7 must be dismissed with prejudice.

### 2. Plaintiff Fails to State UCL "Unfair" Claims

Plaintiff also mistakenly argues that her UCL "unfair" claims satisfy the Ninth Circuit's "tethering" requirement because they "'tether' to Plaintiff's allegations that Defendant has violated the CLRA and § 17533.7." (Opp'n at 25-27.) But Plaintiff agrees that the FAC fails to allege a CLRA claim (*id.* at 10:4-8) and, as set forth in Section I(D)(1), *supra*, it also fails to allege a Section 17533.7 violation. It is undisputed that a plaintiff who fails to state a statutory violation cannot state a UCL fairness claim "tethered" to that statute. (*Compare* Mem. at 12:24-13:6 *with* Opp'n at 11:12-12:6.) Although Plaintiff adds a passing conclusory policy argument (Opp'n at 12:1-6), even Plaintiff does not argue that the FAC alleges sufficient facts to satisfy the alternative test for an UCL "unfairness" claim. (*Compare* Mem. at 13:20-29 *with* Opp'n at 12:1-6.)

### E. Plaintiff Fails to State UCL and FAL Claims on Behalf of Non-California Consumers and the Court Lacks Jurisdiction Over Such Claims

Plaintiff makes no attempt to distinguish any of Defendant's authorities and concedes that: (1) the FAC fails to allege any facts showing that the out-of-state residents in her putative class were injured either in California or by conduct in or emanating from California; (2) California law is clear that without such allegations out-of-state residents cannot invoke the UCL and FAL for relief against any defendant; and (3) these non-residents lack Article III standing if a favorable ruling on Plaintiff's UCL/FAL claims would not redress their purported injuries. (*Compare* Mem. at 14:16-15:17 *with* Opp'n at 14:2-17.) Instead, Plaintiff merely takes issue with when the Court should address this

issue. (Opp'n at 14:2-17.)

Although Plaintiff argues that "the majority approach" is to defer these questions until class certification and then treat it as a choice-of-law issue (Opp'n at 14:2-17), her case law is not persuasive. At the outset, *Clancy*, 2013 WL 4081632, at *7, conflicts with contrary controlling Ninth Circuit authorities. *Easter*, 381 F.3d at 962; *see also United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.* Case No. 14-md-02521-WHO, 2014 WL 6465235, at *19 (N.D. Cal. Nov. 17, 2014) (rejecting *Clancy*, the court held, "I find that the weight of the persuasive authority allows me to determine standing at this juncture, and that efficiency considerations militate against waiting until class certification to determine the scope of this case."). In *Brazil*, 2013 WL 5312418 (Opp'n at 14:10-12), the defendants were California residents over whom California law controlled; thus, the issue of whether California law applied to non-resident class members was a choice of law inquiry better decided at the class certification stage. Likewise, in *Forcellati*, 876 F.Supp. 2d 1155 (Opp'n at 14:14-15), plaintiff alleged that the defendants were headquartered in California and that their misconduct originated in California. *Id.* at 1160. Thus, the *Forcellati* court distinguished the defendants' choice-of-law analysis from an "extraterritorial application of California consumer protection laws (or the ability of a nonresident plaintiff to assert a claim under California law)" and held:

> Whether a nonresident plaintiff can assert a claim under California law is a constitutional question based on whether California has sufficiently significant contacts with the plaintiff's claims. [citation omitted] Plaintiff alleges that Defendants are headquartered in Los Angeles, California. Therefore, application of California law poses no constitutional concerns.

*Id.* Finally, Plaintiff's reliance on *Mazza*, 666 F.3d 581, for the proposition that the Ninth Circuit did not find a bright-line choice-of-law rule against nationwide classes (Opp'n at 14:12-14) simply evidences the same confusion that the *Forcellati* court addressed.

Here, Plaintiff does not dispute Lands' End's arguments and authorities or that fatal jurisdictional defects in her class allegations appear on the face of the FAC. Nor does she

argue that the Court's resolution of these issues would differ if it delays their determination. In short, Plaintiff offers no law and certainly no reason for the parties and the Court to incur the massive costs and expend the judicial resources necessary to litigate a putative nationwide class action in which only a small minority of the putative class members have any jurisdictional contact with California.

**F.     Plaintiff's Putative Class Allegations Necessarily Fail**

Plaintiff concedes that if her individual claims fail, her putative class claims fail for all the same reasons. (*Compare* Mem. at 16:2-15 *with* Opp'n.)

## II.  CONCLUSION

For all the foregoing reasons and those set forth in Defendant's initial Memorandum, Lands' End, Inc. respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety and grant such other relief as this Court deems just and fair.

DATED:  February 23, 2015            GREENBERG TAURIG, LLP

By: */s/ Francis A. Citera*

Francis A. Citera
Robert J. Herrington
Attorneys for Defendant
LANDS' END, INC.