# PLAINTIFF'S EXHIBIT 1

## Class Settlement Agreement and Release

---

**Elaine Oxina**
**Individually and On Behalf of**
**All Others Similarly Situated,**

**v.**

**Lands' End, Inc.**

Case No. 3:14-cv-02577-MMA-NLS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626
TELEPHONE: (800) 400-6808

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Agreement") is made and entered into this ___ day of February 2016, by and between defendant Lands' End, Inc. ("Lands' End") and the Settlement Class (as defined below), acting by and through plaintiff Elaine Oxina ("Oxina" or "Plaintiff" and together with Lands' End, the "Parties") and her counsel (collectively, "Plaintiff's Counsel").

## BACKGROUND

WHEREAS, on October 29, 2014, Oxina, individually and on behalf of a putative class of all similarly situated Lands' End customers, filed a Complaint captioned *Elaine Oxina v. Lands' End, Inc.* Case No. 3:14-cv-02577, alleging, *inter alia*, that Lands' End engaged in unfair and deceptive trade practices in violation of the California Consumer Legal Remedies Act. Specifically, plaintiff alleges that Lands' End falsely labeled certain apparel products as "Made in the USA" (the "Lawsuit"); and

WHEREAS, Lands' End and the other Released Parties (defined below) deny any wrongdoing of any kind whatsoever, and, without admitting liability, nevertheless have agreed to enter into this Agreement to avoid further expense, as well as the burdens and risks of litigation; and

WHEREAS, Plaintiff has agreed to serve as the representative of the Settlement Class, has been informed by his counsel of the duties and obligations of a class representative, is familiar with the pleadings in the Lawsuit and the results of the factual investigation undertaken by her counsel, and has been fully advised by counsel as to the terms and effects of this Agreement, including the nature of the claims released, the risk if the Lawsuit were to be litigated to its conclusion, and the relief obtained by the settlement; and

WHEREAS, in evaluating the settlement set forth in this Agreement, Plaintiff's Counsel have concluded that the benefits provided to the Settlement Class under this Agreement make a settlement with Lands' End and the other Released Parties pursuant to such terms and conditions in the best interest of the Settlement Class in light of, among other considerations, the benefits afforded to the Settlement Class, the uncertainty associated with obtaining class certification for liability purposes, the expense and length of time necessary to prosecute this action through trial, and the uncertainty of the outcome of the Lawsuit; and

WHEREAS, the Parties desire to compromise and settle all issues and claims relating to the allegations made in the Lawsuit or that could have been made under the facts alleged in the Lawsuit, by or on behalf of all persons included in the Settlement Class; and

WHEREAS, the Parties, through their respective counsel, have engaged in arm's length negotiations in reaching this Agreement; and

WHEREAS, the Parties, and their respective counsel, believe that the terms of the settlement set forth in this Agreement are fair, reasonable and adequate; and

WHEREAS, the Parties desire and intend to seek Court approval of the settlement as set forth in this Agreement;

NOW, THEREFORE, it is agreed that in consideration of the promises and mutual covenants set forth in this Agreement and subject to the entry by the Court of a Final Order and Judgment (as defined below), the Lawsuit shall be settled and compromised on the terms and conditions set forth herein.  It is further agreed that each of the recitals stated above is true and accurate, and is hereby made a part of this Agreement.

2

## DEFINITIONS

In addition to any definitions set forth above or elsewhere in this Agreement, the following terms, as used in the Agreement, shall have the meanings set forth below:

A.  The phrase "Kids To-Be-Tied Plaid Necktie" shall refer to the necktie (SKU No. 3668260) identified in Plaintiff's Second Amended Complaint.

B.  The term "Complaint" shall refer to the Complaint filed in the Lawsuit.

C.  The term "Amended Complaint" shall refer to Plaintiff's First Amended Complaint filed on November 19, 2014.

D.  The term "Second Amended Complaint" shall refer to Plaintiff's Second Amended Complaint filed on July 24, 2015.

E.  The term "Court" shall refer to the United States District Court for the Southern District of California.

F.  The phrase "Released Parties" shall refer individually and collectively, as appropriate, to Lands' End and to all of its predecessors and successors-in-interest, including but not limited to, all of its respective past and present parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, controlled entities, assignees, distributors, retailers, unincorporated entities, divisions, groups, present or former directors, officers, members, agents, employees, representatives, administrators, insurers, indemnitees, and attorneys.

G.  The term "Persons" shall refer to persons and entities, including, without limitation, any individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, or any other persons or entities.

H.  The phrase "Released Claims" shall refer to any and all claims, damages, suits, demands, liabilities, judgments, losses, and causes of action relating to Lands' End sale of the "Kids

3

000004

To-Be-Tied Plaid Necktie" in the state of California from October 29, 2010 through October 19, 2014 of any kind or character, whether known or unknown, matured or unmatured, sounding in law or equity, seeking damages or any other relief (including attorneys' fees), that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including but not limited to, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, and all claims, damages, suits, demands, liabilities, judgments, losses, or causes of action which have been, might have been, are now, or could be asserted by any Plaintiff or any Settlement Class Member in an individual or representative capacity (including on behalf of the general public) arising out of, based upon, or related to, in whole or in part, the facts and circumstances underlying the claims and causes of action set forth in the Lawsuit.

I.  The phrase "Settlement Class" shall refer to all Persons who, at any time from October 29, 2010 through October 29, 2014, purchased the "Kids To-Be-Tied Plaid Necktie" in the State of California.  Lands' End has represented to Plaintiff that the Settlement Class consists of thirty-eight (38) consumers.  The Released Parties, and their respective officers, directors, employees, and counsel, and Plaintiffs' Counsel, are not included in the Settlement Class, nor are any federal judges or members of their families within the first degree of consanguinity.

J.  The phrase "Settlement Class Member" shall refer to any Person included within the Settlement Class who does not timely exercise his or her right to opt out of the Settlement Class pursuant to Section 10 below.

4

K.  The phrase "Settlement Effective Date" shall mean the later of the date upon which all appeals, if any, from the Final Order and Judgment (defined below) have been finally concluded and exhausted, or the date upon which the time to seek any appellate remedy (including rehearing or writ of *certiorari* to the United States Supreme Court) from the Final Order and Judgment has expired.

L.  The phrase "Final Order and Judgment" shall mean an order of dismissal and final judgment entered by the Court in the Lawsuit dismissing the claims asserted in the Lawsuit, granting final approval of the terms and conditions of the settlement as set forth in this Agreement, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and entering judgment according to the terms set forth in this Agreement.

M.  The phrase "Best Efforts" shall mean the efforts that a reasonable person in the position of the Party would use to fulfill an obligation as diligently and expeditiously as possible under the circumstances.

## TERMS OF AGREEMENT

1.  **Non-Admission of Liability.**  This Agreement is made for settlement purposes only, and neither the fact of, nor any specific provision contained in, this Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiff or by any other Person included within the Settlement Class of any wrongdoing, fault, violation of law, or liability of any kind on the part of Lands' End. This Agreement constitutes a compromise pursuant to Fed. R. Evid. 408(a) and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable.  It shall not be offered or be admissible, either in whole or in part, as evidence against Lands' End, except in any action or proceeding to enforce its terms.

2.      **Settlement Class.**  For purposes of settlement only, not for purposes of liability, and subject to Court approval, there will be certified in the Lawsuit a statewide class of Lands' End' customers, pursuant to Fed. R. Civ. P. 23(a) and (b)(2), whose members shall comprise only those Persons defined above as the Settlement Class.  Subject to the terms and conditions of this Agreement, the Parties agree not to oppose any efforts to certify such a class.  Any certification pursuant to this Section shall not constitute, in this or any other proceeding, an admission, finding or evidence that any requirement for class certification is otherwise satisfied, except for the expressly enumerated purposes in this Agreement.

3.      **Preliminary Approval.**  No later than 30 business days from the date of full execution of this Agreement (unless such time is extended by mutual agreement of the Parties), Plaintiff, through Plaintiff's Counsel, shall present this Agreement to the Court by way of motion or otherwise, seeking certification of the Settlement Class and preliminary approval of this Agreement (the "Submission for Preliminary Approval").  Lands' End, through its counsel, shall join in the Submission for Preliminary Approval.  In connection with the Submission for Preliminary Approval, Plaintiff, through Plaintiff's Counsel, shall apply for an order substantially in the form of Exhibit A to this Agreement ("Order of Preliminary Approval").  The Submission for Preliminary Approval shall request:

(a)  Preliminary approval of this Agreement;

(b)  Certification for settlement purposes of the Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(3);

(c)  Appointment of Plaintiff's Counsel as counsel for the Settlement Class;

(d)  Appointment of Plaintiff as class representative for the Settlement Class; and

6

(e)   Approval of the notice proposed in this Agreement in a form substantially similar to Exhibit B.

4.      **Notice to the Settlement Class.**  No later than 30 days after the entry of the Order of Preliminary Approval (unless otherwise specifically modified below), Lands' End shall cause notice to be disseminated as directed in the Order of Preliminary Approval as follows:

Lands' End will send the direct notice by e-mail and U.S. Mail to all Members of the Settlement Class for whom it has a valid e-mail address and to the last known mailing address contained in Lands' End's records.

The Parties agree that the method of notice set forth in this Section constitutes the best form of notice to the Settlement Class that is practicable under the circumstances.  Lands' End shall pay all costs associated with disseminating and publishing the Notice to the Settlement Class and all associated expenses, which shall be in addition to and not deducted from the settlement compensation described in Section 6 below or the amount of attorneys' fees and expenses described in Section 12 below.  Except as provided for in subsection (e) above, the Parties and their respective counsel will refer inquiries from the press and all parties other than individual consumers to the settlement documents.

5.      **Final Approval**

a.      The Parties shall request that the Court hold a fairness hearing no later than 90 days from entry of the Order of Preliminary Approval.  At the fairness hearing, the Parties shall jointly request that the Court enter an order and judgment pursuant to Fed. R. Civ. P. 54(a) in the form of Exhibit C to this Agreement (the "Final Order and Judgment"), which shall finally approve the terms of this Agreement, dismiss the Lawsuit with prejudice and order the Parties and Settlement Class Members to dismiss any related actions, discharge the Released Parties of

7

and from all further liability to Plaintiff and Settlement Class Members with respect to the Released Claims (but not as to any obligations created or owed pursuant to this Agreement), and permanently barring and enjoining Plaintiff and Settlement Class Members from bringing, filing, commencing, prosecuting (or further prosecuting), maintaining, intervening in, participating in, assisting in any way, formally or informally, or receiving any benefits from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or cause of action in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims.  The actual form of Final Judgment and Order entered by the Court may include additional provisions as to which the Parties may subsequently agree, or which the Court may direct, that are not inconsistent with any of the express terms or conditions of this Agreement.

b.      Following entry by the Court of the Final Order and Judgment, no default by any Person in the performance of any covenant or any obligation arising under this Agreement, or any order of judgment entered in connection therewith, shall affect the dismissal of the Lawsuit, the discharge and release of the Released Parties, or any other provision of this Agreement.  The above notwithstanding, nothing in this sub-section shall prevent a Party from seeking enforcement of or compliance with the terms of this Agreement, or the intervention of the Court to compel any such default to be cured.

6.      **Settlement Consideration.**   In consideration for the dismissal of the Lawsuit under the terms of this Agreement, the Parties agree as follows:

a.      Settlement Class Members shall be eligible to receive a refund of their purchase price plus interest at the rate of ten percent per annum from the date of purchase, without making a claim.

000009

b.      Lands' End will administer payment to the Settlement Class through its customer service department and all costs and expenses of class notice and administration of claims shall be paid and borne by Lands' End outside of the compensation being offered to Class Members; and send a Declaration to Class Counsel of the timing and results of he refund within ten (10) days of issuance.

c.      If Lands' End and Plaintiffs' Counsel are unable to resolve any disputes concerning the administration of the claims, those disputes may be submitted to the Honorable Judge Nita L.  Stormes.

**7.      Best Efforts of Parties.**   The Parties agree to undertake their respective Best Efforts to effectuate the Settlement described in this Agreement.  The Parties shall encourage the Court to approve the Agreement, and shall not encourage anyone included within the Settlement Class to object to the Court's approval of the Agreement.  The Parties further represent, agree and acknowledge that the Settlement is a fair resolution of these claims for the Parties and the Settlement Class Members.  Neither the Parties nor their respective counsel shall make any statements suggesting the contrary, either before or after the Court's approval of the Settlement and this Agreement.

**8.      Objections to Settlement.**   Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed Settlement.   Each Settlement Class Member who wishes to object to any term of this Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the Parties' respective counsel at the addresses set forth in Section 24 below.  Any such objection must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than 15 days prior to the date for the fairness hearing.  Any such objection must (a) identify the date on which the objecting

000010

party purchased a "Kids To-Be-Tied Plaid Necktie" in the state of California, (b) attach copies of any materials that will be submitted to the Court or presented at the fairness hearing, (c) be signed by the Settlement Class Member, and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the Settlement Class Member's name, address and telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number. (e) Any attorney representing an objector must list all objections previously filed for anyone, the case name, court, and case number, and how much, if any amount, was paid in connection with the objection. Any objection that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, may be deemed ineffective, and will be deemed by the Parties to have been waived, and the Parties will argue that the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

9.     **Requests to Appear at Fairness Hearing.**  Settlement Class Members or their counsel who wish to appear at the fairness hearing must make such request by notifying the Court and the Parties' respective counsel in writing at the addresses set forth in Section 24 below.  Any such request must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than 15 days before the date of the fairness hearing, and must state the name, address and telephone number of the Settlement Class Member, as well as the name, address and telephone number of the person who will appear on his or her behalf.  Any such request must further (a) indicate that the Settlement Class Member has previously or contemporaneously objected to the Settlement in compliance with the requirements of Section 8 of this Agreement, (b) identify the date on which the objecting party purchased a "Kids To-Be-Tied Plaid Necktie" in the state of California, (c) contain the Settlement Class Member's signature, and (d) include a detailed statement of the ground(s) for objection that the Settlement

10

Class Member intends to raise at the fairness hearing.  Any request for appearance that fails to satisfy the requirements of this section, or that has not been properly or timely submitted, may be deemed ineffective, and shall be deemed to constitute a waiver of such Settlement Class Member's rights to appear and to comment on the settlement at the fairness hearing.

       **10.**    **Requests for Exclusion (Opt Out) from Settlement Class Membership.**  Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a written request for exclusion from the Settlement to the Parties' respective counsel at the addresses set forth in Section 24 below.  Such request must be postmarked no later than 15 days before the date for the fairness hearing.  The request must (a) be signed by the Settlement Class Member, (b) identify the date on which the Settlement Class Member purchased a "Kids To-Be-Tied Plaid Necktie" in the state of California, (c) clearly express the Settlement Class Member's desire to be excluded (or to "opt out") from the Settlement Class, and (d) include the Settlement Class Member's name, address and telephone number, and, if represented by counsel, counsel's name, address and telephone number.  Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can only opt out for himself or herself and, except for minors, cannot opt out for any other Person.  Nor can any Person within the Settlement Class authorize any other Person to opt out on his or her behalf.  Any request for exclusion that fails to satisfy the requirements of this Section, or that has not been timely sent, may be deemed ineffective, and any Person included within the Settlement Class who does not properly and timely submit a request for exclusion shall be deemed by the Parties to have waived all rights to opt out, and shall be deemed a Settlement Class Member for all purposes under this Agreement.

000012

11.   <u>**Failure of Court to Approve this Settlement Agreement.**</u>  If (a) preliminary or final approval of this Agreement and the Settlement is not obtained from the Court, (b) the Final Order and Judgment in the form attached as Exhibit C to this Agreement is materially modified by the Court, and any of the Parties objects to such modification, or (c) any objector appeals from the Court's entry of the Final Order and Judgment and such order is reversed in whole or in part by a final decision of an appellate court (in the event of a partial reversal, the Parties shall have the right to elect to be bound by this Agreement as modified by the appellate court), and (d) either Party provides written notice to the other Party within 20 business days of one of the occurrences described in these sub-sections (a) through (c) above, then this Agreement shall be null and void, shall have no further force and effect with respect to any Party, and shall not be offered in evidence or used in the Lawsuit (or in any other matter) for any purpose, including that relating to the existence, certification or maintenance of any putative class or subclass of plaintiffs.  In such event, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties or the Settlement Class Members, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be used in any matter for any purpose, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.  In such event, any Party may move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement, and no Party shall object thereto.  To the extent feasible, the Parties shall be returned to their respective positions in the Lawsuit as of August 24, 2015, the date on which Lands' End filed its Motion to Dismiss Plaintiff's Second Amended Complaint.  The Lawsuit shall then proceed in all material respects as if this Agreement and any related orders had never been executed.  A modification or

12

reversal on appeal of the resolution of any dispute relating to the claim of anyone claiming to be a Settlement Class Member shall not be deemed a material modification of this Agreement.

      12.    **Attorneys' Fees and Expenses.**

      a.    Lands' End agrees not to oppose an award by the Court of reasonable attorneys' fees and litigation costs through the entry of the Final Order and Judgment, to Plaintiff's Counsel in an amount not to exceed $32,500 in fees and expenses, subject to Court approval. Plaintiff's Counsel agrees that they will not seek attorneys' fees and litigation costs that exceed $32,500, in the aggregate. Plaintiff's Counsel's application for an award of attorneys' fees and costs pursuant to this subsection shall be made no later than thirty (30) days prior to any opt out or objection period. Such application will be heard at the time of the Fairness Hearing or as soon thereafter as may be determined by the Court. Within 14 days of the entry of an Order of Final Approval or a separate Order entered after Final Approval, if applicable, approving Plaintiffs' application for fees and expenses, Lands' End will pay to Plaintiff's Counsel the amount ordered by the Court up to $32,500. The amount paid to Plaintiff's Counsel shall be held in escrow by Plaintiff's Counsel until the Effective Date, at which time the money may be disbursed. If any objector appeals from the Court's entry of the Final Order and Judgment and such order is reversed in whole or in part by a final decision of an appellate court, Plaintiff's Counsel shall refund any and all attorneys fees and expenses paid, unless the whole or part of the attorneys' fees and costs are affirmed.

      b.    The Parties' negotiation of and agreement to the foregoing attorneys' fees and expenses did not occur until after the substantive terms of this Agreement had been negotiated and agreed upon.

000014

c.      If and to the extent that counsel other than those counsel identified in this Agreement apply for an award of attorneys' fees and expenses, Lands' End reserves the right to oppose all such applications on any grounds, including, but not limited to, that Lands' End has not agreed to pay such fees and expenses and that they are unreasonable or duplicative. Plaintiff's Counsel hereby warrant and represent that, as of the date of this Agreement, they are unaware of any other counsel who intend to apply for an award of attorneys' fees and expenses.

d.      If this Agreement is terminated pursuant to any of its provisions or for any other reason, Lands' End's obligations under this Section, including the obligation to pay any amount of attorneys' fees, expenses or incentive awards, shall likewise be terminated.

e.      Payment by Lands' End of any attorneys' fee and expense award pursuant to this Section, as approved by the Court, will completely satisfy any and all obligations on its part or on the part of the other Released Parties to pay attorneys' fees, costs and expenses under this Agreement.  The Released Parties shall have no responsibility or liability whatsoever regarding the payment of attorneys' fees, costs and expenses other than as set forth in this Section.

f.      Any application for an award of attorneys' fees and expenses is to be considered separate from the approval of this Settlement, and any challenges thereto shall not terminate or delay the Settlement.

**13.    Release, Waiver and Covenant Not to Sue.**

a.      Effective as of the Settlement Effective Date, and in consideration of this Agreement and the benefits extended to the Settlement Class, Plaintiff, on behalf of herself and the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities,

14

000015

divisions, groups, directors, officers, shareholders, employees, agents, attorneys, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, fully release and forever discharge the Released Parties from the Released Claims.

b.   Effective as of the Settlement Effective Date, and in consideration of this Agreement and the benefits extended to the Released Parties, Lands' End fully releases and forever discharges Plaintiff, Plaintiffs' Counsel and the Settlement Class from any claims, damages, suits, demands, liabilities, judgments, losses, and causes of action relating to the filing of the Lawsuit.

c.   Plaintiff, on behalf of herself and the Settlement Class Members, fully understands that if any fact relating to any matter covered by this Agreement is later found to be other than or different from the facts now believed by Plaintiff to be true, Plaintiff, on behalf of herself and the Settlement Class Members, expressly accepts and assumes the risk of such possible differences in fact, and agrees and acknowledges that this Agreement shall nevertheless remain fully binding and effective.

d.   Plaintiff expressly understands and acknowledges that certain state statutes and principles of common law provide that a "general" release does not extend to claims that a releasor does not know or suspect to exist in his, her or its favor at the time of executing the release and which, if known, must have materially affected the settlement with the releasee.  To the extent that any Settlement Class Member may argue that such statutes or principles of common law are applicable here, Plaintiff, on behalf of herself and the Settlement Class Members, agree that any such statutes, principles of common law or other sources of legal authority of any and all jurisdictions that may be applicable are hereby knowingly and

15

voluntarily waived and relinquished by the Settlement Class Members, and further agree and acknowledge that this is an essential term of this Agreement.

e.      Upon entry of the Final Order and Judgment, Plaintiff shall have, and each and every Settlement Class Member shall be deemed to have, on behalf of the Settlement Class Member and the Settlement Class Member's respective successors assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, covenanted and agreed to:

i.      forever refrain from instituting, maintaining, or proceeding in any action against the Released Parties with respect to any Released Claims;

ii.     release and forever discharge the Released Parties from each and every such Released Claim; and

iii.    indemnify and hold harmless the Released Parties from all liability and expenses (including attorneys' fees) incurred by the Released Parties as the result of a breach of this covenant-not-to-sue by a Settlement Class Member.  Liability for this indemnification shall be limited solely to the Settlement Class Member(s) responsible for breaching the covenant-not-to-sue.

f.      This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit or other proceeding, which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted, asserting any claim released by this Agreement, if not voided through one of the mechanisms described in the Agreement.

16

14.    **Entire Agreement.**    This Agreement shall constitute the entire agreement between Lands' End and Plaintiff, on behalf of herself and the Settlement Class, and supersedes and replaces any prior agreements and understandings, whether oral or written, between and among them, with respect to such matters.  This Agreement shall not be subject to any change, modification, amendment, or addition, without the express written consent of all Parties, and may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. If after the Order of Preliminary Approval, this Agreement shall not be subject to any change, modification, amendment or addition without the express written consent of all Parties and approval by the Court.

15.    **Binding, Severable Agreement.**    This Agreement shall benefit and bind the Parties, as well as their representatives, heirs and successors, and shall be construed as a whole, according to its plain meaning.  If for any reason any provision of this Agreement other than Sections 6 or 13 shall be determined by a court of competent jurisdiction to be invalid, inoperative, illegal, unenforceable, or void, the validity and effect of the other provisions shall not be affected thereby, and this Agreement shall continue in full force and effect without said provision.

16.    **Continuing Jurisdiction.**    The Court shall retain continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, over the administration and enforcement of the Settlement and this Agreement, and over the distribution of benefits to the Settlement Class.  The Court also shall retain continuing and exclusive jurisdiction in connection with the injunction set forth in Section 5(a) above.  The Court also shall retain continuing and exclusive jurisdiction in connection with any Person included within the Settlement Class who wishes to opt out, as set forth in Section 10 above.  Any disputes or controversies arising with

17

respect to the interpretation, enforcement or implementation of the settlement or this Agreement must be submitted by formal and proper motion to the Court.

17.   **No Assignment.**   The Parties each represent and warrant that they have not assigned, transferred or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

18.   **Choice of Law.**   The validity, construction, interpretation, performance, and enforcement of this Agreement shall be governed by the internal, substantive laws of California without giving effect to California choice of law principles.

19.   **Counterparts.**   This Agreement may be executed in one or more counterparts, either manually or by telecopy.  All executed counterparts, and each of them, shall be deemed to be one and the same original instrument.  This Agreement shall be deemed executed as of the date of the last signature executed below.  The Parties shall exchange among themselves original, signed counterparts, and a complete set of such counterparts shall be filed with the Court as an exhibit to the Submission for Preliminary Approval.

20.   **Advice of Counsel**.  Each of the Parties has had the benefit of the advice of counsel in the negotiation, drafting and execution of this Agreement, and the language in all parts of this Agreement is the product of the efforts of such counsel.

21.   **Authority.**   The Parties each represent and warrant that they have authority to enter into this Agreement, subject to certification of the Settlement Class and approval of this Agreement by the Court.

000019

22.    **CAFA Notice.**  Lands' End shall serve notice of this Settlement in a form that meets the requirements of 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 14 days after this Agreement has been filed with the Court.

23.    **Neither Party is Drafter.**  Neither of the Parties to this Agreement shall be considered to be the primary drafter of this Agreement, or of any of its provisions, for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

24.    **Notification.**  Except as otherwise described in the Settlement Notice attached as Exhibit B to this Agreement, all notices and other communications referenced in this Agreement shall be in writing and shall be served by overnight mail or by registered or certified mail, return receipt requested, addressed to the Parties' counsel at their respective addresses as set forth below:

Notices to Plaintiff or the Settlement Class Members

| | |
|---|---|
| Abbas Kazerounian, Esq. | Joshua B. Swigart, Esq. |
| Kazerouni Law Group, APC | Hyde & Swigart |
| 245 Fischer Avenue, Unit D1 | 2221 Camino Del Rio South, Suite 101 |
| Costa Mesa, California  92626 | San Diego, California 92108 |
| Telephone: (800) 400-6808 | Telephone: (619) 233-7770 |
| Facsimile:  (800) 520-5523 | Facsimile:  (619) 297-1022 |

Notices to Lands' End

Francis A. Citera, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601

000020

25.   **Time for Compliance.**   If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

IN WITNESS WHEREOF, the Parties have signed and delivered originals of this Agreement as of February ___, 2016, but actually signed this Agreement on the dates set forth below.

ELAINE OXINA

By:_____
        Abbas Kazerounian
        Counsel for Plaintiff

Dated: _____, 2016

By:_____
        Joshua B. Swigart
        Counsel for Plaintiff

Dated: _____, 2016

LANDS' END, INC.

By:_____

Dated: _____, 2016

*CHI 66403508v3*

20

25.  **Time for Compliance.**  If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

IN WITNESS WHEREOF, the Parties have signed and delivered originals of this Agreement as of February ___, 2016, but actually signed this Agreement on the dates set forth below.

ELAINE OXINA

By: _____
    Abbas Kazerounian
    Counsel for Plaintiff

Dated: _February 10_____, 2016

By: _____
    Joshua B. Swigart
    Counsel for Plaintiff

Dated: _02/10/16_____, 2016

LANDS' END, INC.

By: _____

Dated: _____, 2016

*CHI 66403508v3*

20

25.    **Time for Compliance.**  If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

IN WITNESS WHEREOF, the Parties have signed and delivered originals of this Agreement as of February ___, 2016, but actually signed this Agreement on the dates set forth below.

ELAINE OXINA

By: _____
   Abbas Kazerounian
   Counsel for Plaintiff

Dated: February 10, 2016

By: _____
   Joshua B. Swigart
   Counsel for Plaintiff

Dated: 02/10/16, 2016

LANDS' END, INC.

By: Francis Citera
   Counsel For Lands' End

Dated: February 11, 2016

CHI 66403508v3

20

000023

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELAINE OXINA; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | **Case No.:** 3:14-cv-02577-MMA-NLS |
| Plaintiff, | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE** |
| v. | |
| LANDS' END, INC., | |
| Defendant. | |

WHEREAS Plaintiff Elaine Oxina ("Plaintiff"), moved for an Order, pursuant to Federal Rule of Civil Procedure 23(e), seeking preliminary approval of a class action settlement, and directing the dissemination of class notice (the "Motion"); and

WHEREAS Defendant Lands' End, Inc. ("Lands' End") joined in the Motion; and

WHEREAS the Court reviewed the submissions of the parties, held a hearing on _____ (the "Preliminary Approval Hearing"), and found that the parties are entitled to the relief they seek;

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1.     The proposed Class Settlement Agreement and Release dated February __, 2016 (the "Settlement Agreement"), submitted with the Motion, is preliminarily approved as being within the range of potential final approval.[1]

2.     Based upon the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

a.     With respect to the Settlement Class, the Court finds and concludes that:

(i) the Settlement Class Members are so numerous as to make joinder of them impracticable;

(ii) there are questions of law and fact common to the Settlement Class;

(iii) Plaintiff's claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto;

(iv) Plaintiff and her counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and

(v) Accordingly, for settlement purposes only, the Court preliminarily approves Plaintiff as a representative of the Settlement Class, and conditionally certifies a Settlement Class comprised of all Persons who, at any time from October 29, 2010 through October 29, 2014, purchased the "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) in the State of California.

3.     The Settlement Class is preliminarily certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).  If the Court does not finally approve the settlement, Lands' End retains the right to assert that

---

[1] All defined terms set forth herein shall have the same meaning as that in the Settlement Agreement.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1  this action may not be certified as a class action, and no party shall rely on this

2  preliminary approval as support for the certification of a class in this or any other

3  action.

4     4. Kazerouni Law Group, APC and Hyde & Swigart appointed as Class

5  Counsel.

6     5. A final hearing (the "Fairness Hearing") shall be held before this

7  Court on _____, 2016 at _____ a.m./p.m., to determine whether (a) this

8  action meets each of the prerequisites for class certification set forth in Federal

9  Rule of Civil Procedure 23(a), and may properly be maintained as a class action on

10  behalf of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b)

11  the Settlement Agreement should receive final approval as fair, reasonable,

12  adequate, and in the best interests of the Settlement Class; (c) orders granting final

13  approval of the Settlement Agreement, entering final judgment and dismissing the

14  Second Amended Complaint with prejudice, as provided in the Settlement

15  Agreement, should be entered; and (d) the application of Class Counsel for the

16  payment of attorneys' fees and expenses.  The Fairness Hearing may be postponed,

17  adjourned or continued by further order of this Court, without further notice to the

18  parties or the members of the Settlement Class.

19     6. At the Fairness Hearing the Court will consider and determine

20  whether the Settlement Agreement should be finally approved as fair, adequate

21  and reasonable in light of any objections presented by Settlement Class Members

22  and the parties' responses to any such objections.

23     7. Any Settlement Class Member may object to the fairness,

24  reasonableness or adequacy of the settlement.  Any member of the Settlement

25  Class who so objects may appear at the Fairness Hearing, in person or through

26  counsel, to show cause why the settlement should not be approved as fair,

27  adequate and reasonable.  Each Settlement Class Member who wishes to object to

28  any term of the Settlement Agreement must do so in writing by filing a written

objection with the Clerk of the Court and mailing it to counsel for the parties at the addresses set forth in the Settlement Agreement.  Any such objection must be filed with the Clerk of the Court and received by counsel for the parties no later than 30 days before the date of the Fairness Hearing. The objection must

     (a) identify the date on which the objecting party purchased a "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) in the State of California.

     (b) attach copies of any materials that will be submitted to the Court or presented at the Fairness Hearing;

     (c) be signed by the Settlement Class Member; and

     (d) clearly state in detail

          (i)  the legal and factual ground(s) for the objection;

          (ii) the Settlement Class Member's name, address and telephone number; and

          (iii) if represented by counsel, such counsel's name, address and telephone number.

     (e) any attorney representing an objector must list all objections previously filed for anyone, the case name, court, and case number, and how much, if any amount, was paid in connection with the objection.

Any objection that fails to satisfy the requirements of this paragraph, or that is not properly and timely submitted, shall not be effective, will not be considered by this Court, and will be deemed waived, and those Settlement Class Members shall be bound by the final determination of this Court.

8.    Any Person included within the Settlement Class who wishes to be excluded, or to "opt out," from membership in the Settlement Class must do so in writing by mailing a request for exclusion from the Settlement to counsel for the parties at the addresses set forth in the Settlement Agreement, so that such request is postmarked no later than 30 days before the date of the Fairness Hearing.  Such a request must

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(a) be signed by the Settlement Class Member;

(b) identify the date on which the objecting party purchased a "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) in the State of California.

(c) clearly express the Settlement Class Member's desire to be excluded from the Settlement Class; and

(d) include the Settlement Class Member's name, address and telephone number; and, if represented by counsel, counsel's name, address and telephone number.

Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can only opt out for himself or herself and, except for minors, cannot opt out for any other Person. No Person within the Settlement Class may authorize another Person to opt out on his or her behalf. Any request for exclusion that fails to satisfy the requirements of this paragraph, or is not properly or timely submitted, shall not be effective, and the Person making such a request shall be deemed to have waived all rights to opt out of the Settlement, and to be a Settlement Class Member for all purposes pursuant this Order.

9.      Except for good cause shown, no person (other than the parties and their respective representatives and counsel) may appear or be heard at the Fairness Hearing, or file papers, briefs or other submissions regarding the Fairness Hearing, unless no later than 15 days prior to the date of the Fairness Hearing, such person or their counsel files with the Clerk of this Court and simultaneously serves on counsel for all parties at the addresses set forth in the Settlement Agreement a timely, written notice of request to appear at the Fairness Hearing. Such notice must:

(a) state the name, address and telephone number of the Settlement Class Member, as well as the name, address and telephone number of the person who seeks to appear at the Fairness Hearing on his or her behalf;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(b) indicate that the Settlement Class Member has previously or contemporaneously objected to the Settlement in compliance with the requirements of paragraph 8 of this Order;

(c) identify the date on which the objecting party purchased a "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) in the State of California;

(d) contain the Settlement Class Member's signature; and

(e) include a detailed statement of the ground(s) for objection that the Settlement Class Member intends to raise at the Fairness Hearing.

Any request to appear that fails to satisfy the above requirements, or that is not properly and timely submitted, shall not be effective and will not be considered by this Court, and the Person who made such a request shall not be permitted to appear or be heard at the Fairness Hearing, or otherwise comment on the settlement.

10.     The Court finds that the manner and content of the Settlement Notice set forth in Exhibit B to the Settlement Agreement will provide the best notice practicable to the Settlement Class under the circumstances.  All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by Lands' End.

11.     If the Settlement Agreement is finally approved, the Court shall enter a separate order finally approving the Settlement Agreement, entering judgment and dismissing the Class Action Complaint with prejudice.  Such order and judgment shall be fully binding with respect to all members of the Settlement Class.

12.     In the event that the proposed settlement provided for in the Settlement Agreement is not approved by this Court, or entry of the final order and judgment described above does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void.  In such event, the Settlement Agreement and all negotiations and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

proceedings relating thereto shall be withdrawn without prejudice to the rights of the parties, who shall be restored to their respective positions as of August 24, 2015.

     13.    The parties shall abide by the following scheduled dates:

     (a) The direct notice to the Settlement Class shall be disseminated by Lands' End, as more fully described in the Settlement Agreement, within 30 days of entry of this Order.

     (b) The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, within 120 days following dissemination of notice to the Settlement Class.

     (c) Class Counsel shall file any applications for an award of attorneys' fees, costs and litigation expenses, or incentive awards to Plaintiff within forty-five (45) days prior to the Fairness Hearing and subject to the terms of the Settlement Agreement. Defendant has agreed not to oppose such application by Class Counsel so long as the amounts requested are not more than a total of $32,500.

     (d) The Fairness Hearing shall be held at _____ a.m./p.m. on _____, 2016 in Courtroom 3A of the United States District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. Plaintiff requests that the hearing be held not before 150 days after the dissemination of notice to the Settlement Class in order to allow sufficient time for Class Members to opt-out or object ot the Settlement.

     14.    This Court hereby enters a Preliminary Injunction barring and enjoining Plaintiff and all Settlement Class Members, to the extent permissible by existing law, from bringing, filing, commencing, prosecuting (or further prosecuting), maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the

Released Claims identified in the Settlement Agreement, until such time as this Court

has ruled on the fairness of the settlement terms following the Fairness Hearing.

IT IS SO ORDERED.

Dated: _____ __, 2016          _____

                                      Honorable Michael M. Anello

                                      United States District Court Judge

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

# EXHIBIT B

000033

**IF YOU PURCHASED A "KIDS TO-BE-TIED PLAID NECKTIE" FROM
LANDS' END YOU MAY BE ELIGIBLE
TO RECEIVE BENEFITS FROM A CLASS ACTION SETTLEMENT**

**WHAT'S THIS CASE ABOUT?**

This lawsuit, *Elaine Oxina v. Lands' End, Inc.*, Case No. 3:14-cv-01577 (S.D. Ca.) filed in the Southern District of California claims that Lands' End engaged in unfair and deceptive trade practices.  Specifically, Plaintiff alleges that Lands' End falsely labeled a "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) as "Made in the U.S.A."  Lands' End denies any wrongdoing in connection with the sale of the "Kids to-be-tied Plaid Necktie" (SKU No. 3668260).

**WILL THERE BE A HEARING?**

The Court will hold a fairness hearing at _____ a.m./p.m. on _____ , 2016 to consider whether to approve the settlement.  The hearing will be held at the U.S. District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Courtroom 3A, San Diego, California 92101.  You may appear at the Fairness Hearing, but it is not required.

**WHO IS INCLUDED?**

The "Settlement Class" includes all Persons who, at any time from October 29, 2010 through October 29, 2014, purchased the "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) ("the Necktie") in the State of California.

**WHAT BENEFITS DOES THE SETTLEMENT PROVIDE?**

If the settlement is approved by the Court, all Settlement Class Members will automatically receive a refund of their purchase price plus interest at the rate of ten percent per annum from the date of purchase.

**WHAT ARE THE ATTORNEYS' FEES?**

Plaintiff's counsel will ask the Court for attorneys' fees and expenses up to $32,500.  The Court may award less than this amount. Lands' End has agreed to pay such attorneys' fees and expenses as may be awarded by the Court up to $32,500.

**WHAT ARE YOUR OPTIONS?**

1.      You are receiving this notice because you are a Member of the Settlement Class. Accordingly, if you do nothing, you will receive a refund of the purchase price plus interest at the rate of ten percent per annum.

2.      You can object to the settlement, or to the application for attorneys' fees and expenses. Written objections must be filed with the Court and copies mailed to counsel by _____ __, 2016. Full details on how to object can be found in the attached Settlement Agreement. You can only

object to the settlement if you purchased the Necktie between October 29, 2010 and October 29, 2014 and did not elect to opt out of the Settlement Class, as described below.

3.        You can opt out of the settlement.  Written request for exclusion must be mailed to counsel postmarked no later than _____ __, 2016.  If you opt out of the settlement, you will no longer be a Settlement Class Member, and you will not be bound by the settlement and will not receive a refund.

**HOW DO I GET MORE INFORMATION?**

For further details, call (800) 400-6808, write to: Kazerouni Law Group APC, 245 Fischer Avenue, Unit D1, Costa Mesa, CA 92626, or visit www.kazlg.com.

*CHI 66495561v2*

# EXHIBIT C

000036

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**ELAINE OXINA;**
**INDIVIDUALLY AND ON**
**BEHALF OF ALL OTHERS**
**SIMILARLY SITUATED,**

Plaintiff,

v.

**LANDS' END, INC.,**

Defendant.

**Case No.:** 3:14-cv-02577-MMA-NLS

**ORDER GRANTING FINAL**
**APPROVAL OF CLASS ACTION**
**SETTLEMENT**

On_____, 2016, Plaintiff Elaine Oxina ("Plaintiff") and Defendant Lands' End, Inc. ("Lands' End" or "Defendant") (jointly referred to herein as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement" or "SA"), which is subject to review under Fed. R. Civ. P. 23.

On_____, 2016, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action").

On _____, 2016, Plaintiffs filed the Settlement Agreement, along with the Plaintiff's Preliminary Approval Motion. The Preliminary Approval

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Motion was unopposed by Defendant.

On _____, 2016, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 2016, the Plaintiff filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to Plaintiff's Final Approval Motion, Plaintiff requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action Settlement.

On _____, 2016, the Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**I.** **JURISDICTION:**  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

A. The Class or Settlement Class Members consist of:

> All Persons who, at any time from October 29, 2010 through October 29, 2014, purchased the "Kids to-be-tied Plaid Necktie" (SKU No. 3668260) ("the Necktie") in the State of California.

**II.** **SETTLEMENT CLASS MEMBERS:**  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class members:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

III. **CLASS REPRESENTATIVE AND CLASS COUNSEL:** Pursuant to Fed. R. Civ. P. 23, the named Plaintiff, Elaine Oxina, is designated as the Class Representative, and Abbas Kazerounian of the Kazerouni Law Group, APC and Joshua B. Swigart of Hyde & Swigart are certified as Class Counsel.

IV. **NOTICE AND CLAIMS PROCESS:** Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, _____, has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Class Members of their rights. Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

V. **FINAL CLASS CERTIFICATION:** The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**VI.** **SETTLEMENT TERMS:** The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

**A.** Lands' End shall pay Settlement Class Members a refund of their purchase price plus interest at the rate of ten percent per annum from the date of purchase.

**B.** Lands' End will administer payment to the Settlement Class through its customer service department and all costs and expenses of class notice and administration of claims shall be paid and borne by Lands' End outside of the compensation being offered to Class Members and send a Declaration to Class Counsel of the timing and results of he refund within ten (10) days of issuance.

**VII.** **EXCLUSIONS AND OBJECTIONS:** A total of _____ exclusions were received. Those persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Class and Settlement.

**VIII.** The Class Members were given an opportunity to object to the settlement. Only _____ Settlement Class Members filed objections. After consideration of each of the objections, the Court hereby overrules such objections.

**IX.** This Order is binding on all Class Members, except those individuals named on **Exhibit A**, who validly and timely excluded themselves from the Class.

**X.** **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT:** The Class Representatives (Plaintiffs named above), Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any

of the Released Claims against any of the Released Persons, as set forth in the Agreement.   Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

**XI.**    The Action is hereby dismissed with prejudice in all respects.

**XII.**    Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

Dated: _____ __, 2016          _____

                                                    Honorable Michael M. Anello

                                                    United States District Court Judge